OPINION
{¶ 1} Defendant-appellant, Deserie D. Maynard, was indicted on October 26, 2006 on one count of possession of cocaine, a fifth degree felony in violation of R.C. 2925.11. On January 29, 2007, appellant pled guilty as charged in the indictment. At the sentencing hearing held on August 15, 2007, the trial court imposed three years of community control. In its August 17, 2007 sentencing entry, the trial court stated that appellant would receive a prison term of 12 months if she violated community control and that she had 176 days jail-time credit. *Page 2 
 {¶ 2} On November 19, 2007, the probation officer filed a motion to revoke appellant's community control. In particular, the motion asserted that appellant had violated the terms of her community control because she failed to contact the probation department following placement on community control and she had been convicted in the Franklin County Municipal Court on misdemeanor soliciting offenses occurring on September 3, 2007, September 19, 2007, and September 22, 2007.
 {¶ 3} The trial court held a probation revocation hearing on January 2, 2008. At the outset, the trial court acknowledged that appellant had been convicted of the soliciting offenses in the three municipal court cases. The court indicated that "it's my understanding she is still serving those sentences; and she has, according to my records, 176 days jail time credit in this case, and all other jail time credit was given on the municipal court cases." (January 2, 2008 revocation hearing, at 2-3.)
 {¶ 4} Defense counsel stipulated the violations of community control, but challenged the trial court's assessment of jail-time credit. In particular, defense counsel averred that appellant had been incarcerated "for the past 100 days * * * [and] should be given credit for that entire time as much of what she was incarcerated under is the basis for the statement of violations and the statement of violations should have been issued much sooner than the 19th of November * * *." Id. at 3. Alternatively, defense counsel maintained that appellant should receive jail-time credit at least since the issuance of the statement of violations on November 19, 2007. According to defense counsel, "[a]s of that time, she was being held by this branch of the Court." Id. at 4. Defense counsel further averred that appellant "was granted early release on [the] misdemeanor cases. She could not have been released from jail. If this court was holding her on this case, that and jail time credit, and she does deserve that." Id. *Page 3 
 {¶ 5} In response, the trial court stated that it was going to revoke appellant's community control, impose the original 12-month sentence, and credit appellant with 176 days of jail time. The court averred that its judgment entry would reflect that appellant was presently serving jail time on the soliciting convictions and that it would not award jail-time credit for those cases.
 {¶ 6} The court then inquired on what date appellant was first jailed on the soliciting cases. Id. at 5. Defense counsel responded, "9/22[07]." Id. at 6. The court averred, "9/22, and so she is serving those days. I am sentencing her on 1/02/08, and she still has some time to serve on those cases, another 30 days, and which she will probably get concurrent, but the time before she won't. I think the record is pretty clear. So there might be an additional 60 days you can get if you want to file an appeal." Id. When defense counsel inquired if the court would grant jail-time credit "for time the Court placed the probation holder on her," the court responded, "No, I am going to say that in the sentencing entry." Id.
 {¶ 7} Subsequently, on January 4, 2008, the trial court filed a judgment entry finding that appellant had violated the terms of her community control and sentenced her to a 12-month prison term. The trial court credited appellant with 176 days of jail time served, plus additional time spent awaiting transport to prison. The court further stated that appellant was "presently serving jail time in FCCF for municipal court cases 07CR-22315; 07CR-23701; and 07CR24096; the court is not giving jail time credit for these cases."
 {¶ 8} Appellant timely appeals from the trial court's judgment entry, advancing a single assignment of error, as follows: *Page 4 
 The trial court erroneously denied appellant jail-time credit for time spent in custody after a holder was placed against her for alleged violations of the terms of her community control.
 {¶ 9} R.C. 2967.191 requires the Ohio Department of Rehabilitation and Correction ("ODRC") to "reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term." Although R.C. 2967.191 mandates that the ODRC credit an inmate with jail time already served, "it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his [or her] sentence." State ex rel. Rankin v. Ohio Adult Parole Auth.,98 Ohio St.3d 476, 2003-Ohio-2061, at ¶ 7. See, also, Ohio Adm. Code 120-2-04(B). This information is required to be included within the sentence itself. See R.C. 2949.12; Ohio Adm. Code 5120-2-04(B).
 {¶ 10} Appellant contends that the trial court erred in denying her jail-time credit for the time she spent in custody following the date the probation department lodged a holder against her on the community-control violations, notwithstanding the fact that during some of that time she was also being held in pretrial detention or serving sentences on the misdemeanor soliciting charges. Appellant urges that the Supreme Court of Ohio's recent decision in State v. Fugate,117 Ohio St.3d 261, 2008-Ohio-856 ("Fugate I"), supports her position. There, the defendant was convicted and placed on community control. He was subsequently charged with burglary and theft, and the probation department requested revocation of community control. At the revocation hearing, the *Page 5 
defendant admitted that his new convictions violated the terms of his community control. The probation officer informed the court that the defendant had 213 days of jail-time credit on the burglary and theft charges, and the prosecutor proposed that the credit be applied only to the sentence for violation of community control. Defense counsel did not object, and the court imposed a prison term for the community-control violation and awarded 213 days jail-time credit. The court also stated that the sentence was to be served concurrently with the sentences to be imposed for the burglary and theft convictions in the new case.
 {¶ 11} The court then imposed a concurrent prison term for the burglary conviction and did not award any jail-time credit. Defense counsel did not object. At a later resentencing, held because the court failed to impose sentence on the theft conviction, the court imposed a sentence to run concurrently with the burglary sentence. The court recognized 50 days of jail-time credit toward the theft sentence, which reflected time that had elapsed between the initial sentencing and resentencing.
 {¶ 12} On appeal, the defendant argued that he should have received 213 days jail-time credit toward each of his concurrent prison sentences. This court affirmed, holding that allocating jail-time credit against only the prison term for community-control violation did not constitute an equal protection violation, or amount to plain error.State v. Fugate, Franklin App. No. 06AP-298, 2006-Ohio-5748. The Supreme Court of Ohio accepted the defendant's appeal to determine "whether a defendant who is sentenced concurrently on multiple charges is entitled to have `jail-time credit' applied toward all terms." Fugate I at ¶ 1. The court answered this question in the affirmative, holding that "[w]hen a defendant is sentenced to concurrent prison terms for multiple charges, jail-time *Page 6 
credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." Id. at syllabus.
 {¶ 13} In so holding, the court noted that the practice of awarding jail-time credit is embedded in the Equal Protection Clauses of the United States and Ohio Constitutions, which prohibit disparate treatment of defendants based solely upon their economic status. Id. at ¶ 7. The court further noted that, relying upon this principle, "courts have held that defendants who are unable to afford bail must be credited for the time they are confined while awaiting trial." Id., citing Workman v.Cardwell (N.D.Ohio 1972), 338 F.Supp. 893, 901.
 {¶ 14} The court averred that the foregoing principle is codified in R.C. 2967.191 and that the Ohio Administrative Code provides additional details concerning when a prisoner is entitled to jail-time credit and how to apply the credit to the prison term. Id. at ¶ 8-9. The court noted that Ohio Adm. Code 5120-2-04 sets forth different rules for calculating jail-time credit depending upon whether the offender is sentenced to concurrent or consecutive prison terms. In particular, when an offender is sentenced to concurrent prison terms, Ohio Adm. Code 120-2-04(F) directs the adult parole authority to independently reduce each sentence for the number of days confined for that offense. In contrast, when an offender receives consecutive prison terms, Ohio Adm. Code 5120-2-04(G) instructs that jail-time credit be applied only once, to the total term. According to Fugate I:
 These two directives make clear that although concurrent and consecutive terms are to be treated differently when jail-time credit is applied, the overall objective is the same: to comply with the requirements of equal protection by reducing the total time that offenders spend in prison after sentencing by an amount equal to the time that they were previously held. *Page 7 
 Thus, in order to satisfy this objective, when concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit. R.C. 2967.191
requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held. If courts were permitted to apply jail-time credit to only one of the concurrent terms, the practical result would be, as in this case, to deny credit for time that an offender was confined while being held on pending charges. So long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit.
Id. at ¶ 11-12.
 {¶ 15} Upon this rationale, the court concluded that because the defendant was held in custody on the burglary and theft charges as well as the community-control violation, and was given concurrent prison terms on all three, he was entitled to 213 days jail-time credit against each concurrent prison term. Id. at ¶ 13-18. "To deny such credit would constitute a violation of the Equal Protection Clause." Id. at ¶ 22.
 {¶ 16} Appellant maintains that the broad language of R.C. 2967.191, which, as noted, compels jail-time credit for time a prisoner was confined "for any reason arising out of the offense for which a prisoner was convicted and sentenced," encompasses the time period she was held in custody pursuant to the probation holder on the community-control violations, as the statute makes no provision for excluding periods of time when a prisoner may have been confined for more than one reason, or when bail is not a matter of right. Appellant contends that by law, her sentences on the misdemeanor soliciting charges and the felony charge must be served concurrently, and that by denying credit for the time between placement of the probation holder and the revocation hearing, the trial court improperly sequestered time it believed should only be applied to the misdemeanor proceedings. Appellant contends that because she was being held on the *Page 8 
community-control violations from the moment the probation holder was placed, she could not have been discharged from custody even upon early release on the misdemeanor sentences.
 {¶ 17} Contrary to appellant's assertions, Fugate I does not definitively answer the question posed in this appeal. In Fugate I, the parties conceded that the defendant was confined on both the new charges and the revocation case and agreed upon the amount of jail-time credit the defendant had earned. In addition, the defendant was sentenced on both the revocation case and the new charges at the same time by the same court. As such, Fugate I concerned how to apply undisputed jail-time credit to concurrent prison terms.
 {¶ 18} In contrast, the parties here do not concede, nor does the record establish, on what basis appellant was confined. In addition, appellant was not sentenced on the soliciting charges and the revocation case at the same time by the same court. Indeed, it appears that appellant had already been sentenced by the municipal court on the soliciting convictions at the time she was sentenced by the common pleas court on the revocation case. The issue raised here is how to calculate jail-time credit in the first instance, an issue Fugate I did not resolve.
 {¶ 19} The record before this court is insufficient to allow a determination as to whether the trial court erred in refusing to award appellant additional jail-time credit on the sentence imposed for the community-control violations. We note that the date of appellant's soliciting convictions, the date the sentences were imposed upon those convictions, the date the probation holder was placed, or whether a probation holder was ever filed and whether, if so, appellant was ever held pursuant thereto, are not a matter of record in the appeal. However, appellant now asserts that "jail records" indicate that she *Page 9 
was sentenced on the soliciting convictions on October 4, 2007 and that a probation holder was placed on September 25, 2007. However, this information was not made part of the trial court record. Accordingly, we are unable to determine the legal cause of appellant's confinement, i.e., whether she was confined as a result of a probation holder, or as a result of the misdemeanor soliciting convictions. Thus, we must remand the matter to the trial court for a determination as to the cause of appellant's confinement.
 {¶ 20} If, upon remand, the trial court determines that appellant's confinement resulted from the misdemeanor soliciting convictions, appellant would not be entitled to additional jail-time credit on the community-control violations under R.C. 2967.191 because she was not confined "for any reason arising out of the offense for which [she] was convicted and sentenced." If, on the other hand, the trial court determines that appellant's confinement resulted from a probation holder, which presumably was based upon her violation of the terms of her community control, R.C. 2967.191 would entitle her to jail-time credit from the date the probation holder was placed through the date of the revocation hearing, January 2, 2008, as such confinement arose "out of the offense for which [she] was convicted and sentenced."
 {¶ 21} For the reasons set forth in this opinion, we sustain appellant's assignment of error to the limited extent indicated, and we remand this matter to the trial court with instructions to determine how much additional jail-time credit, if any, appellant should be awarded against the sentence imposed upon the community-control violations.
Judgment reversed and cause remanded with instructions.
 McGRATH, P.J., and PETREE, J., concur. *Page 1