[Cite as *State v. Smith*, 2021-Ohio-4091.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                      :

      Plaintiff-Appellee,                  :                    No. 21AP-48
                                          (C.P.C. No. 19CR-1778)

v.                                                 :
                                        (REGULAR CALENDAR)

Michael J. Smith, III,                             :

      Defendant-Appellant.                 :

---

D E C I S I O N

Rendered on November 18, 2021

---

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Mark R. Wilson*, for appellee. **Argued:** *Mark R. Wilson*.

**On brief:** *The Stavroff Law Firm*, and *Jeffrey T. Stavroff*, for appellant. **Argued:** *Jeffrey T. Stavroff*.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Michael J. Smith, III, appeals from a judgment of the Franklin County Court of Common Pleas sentencing him to 24 months of imprisonment on his conviction, pursuant to a guilty plea, of having a weapon while under a disability, and finding he had 32 days of jail-time credit toward that sentence. Because we conclude the trial court did not plainly err in determining Smith's jail-time credit, we affirm.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}   Smith's appeal challenges the trial court's allocation of jail-time credit between a sentence imposed in January 2021 and prior sentences imposed for convictions in 2016.  Therefore, we will briefly summarize the history of all the relevant sentences.

{¶ 3}   In July 2016, Smith pled guilty to grand theft of a motor vehicle, a fourth-degree felony in violation of R.C. 2913.02, in Franklin C.P. No. 15CR-3524.  That same month, Smith pled guilty to one count of robbery, a third-degree felony in violation of R.C. 2911.02; one count of attempted felonious assault, a third-degree felony in violation of R.C. 2923.02; and one count of receiving stolen property, a fourth-degree felony in violation of R.C. 2913.51, in Franklin C.P. No. 15CR-4921.  The trial court sentenced Smith to 11 months of imprisonment in 15CR-3524, to be served consecutive to the sentence in 15CR-4921, and an optional 3-year post-release control period.  The court sentenced Smith to an aggregate term of 48 months of imprisonment in 15CR-4921, with a mandatory 3-year post-release control period.  The trial court found Smith had 303 days of jail-time credit.

{¶ 4}   On December 19, 2018, the trial court granted Smith's motion for judicial release; it suspended the remaining sentences in 15CR-3524 and 15CR-4921 and imposed three years of community control.  The court advised Smith he would receive the original sentences in 15CR-3524 and 15CR-4921, minus any jail-time credit, if he violated community control.  The trial court found Smith had 1,178 days of jail-time credit in 15CR-4921 and zero days of jail-time credit in 15CR-3524.

{¶ 5}   On December 30, 2018, Smith had an altercation at a bar and later exchanged gunfire with some of the individuals involved in the altercation.  The incident resulted in Smith being indicted on one count of felonious assault, a second-degree felony in violation of R.C. 2903.11, with a firearm specification, and one count of having a weapon while under disability, a third-degree felony in violation of R.C. 2923.13, in Franklin C.P. No. 19CR-1778.

{¶ 6}   In February 2019, the trial court declared Smith an absconder in 15CR-3524 and 15CR-4921, and issued warrants ordering the Franklin County Sheriff to take Smith into custody on community control violations.

{¶ 7}    On April 4, 2019, Smith was arrested on the absconder warrants in 15CR-3524 and 15CR-4921, and the charges forming the basis for the indictment in 19CR-1778. Smith was continuously held in custody after April 4, 2019.

{¶ 8}    On November 23, 2020, Smith pled guilty in 19CR-1778 to one count of having a weapon under disability, and the trial court entered a nolle prosequi on the felonious assault charge.  The trial court issued termination entries in 15CR-3524 and 15CR-4921 on December 31, 2020, finding Smith had accumulated jail-time credit in the amount of the original sentences and discharged him from community control in those cases.

{¶ 9}    At the sentencing hearing for 19CR-1778 on January 6, 2021, the state acknowledged Smith had been continuously held in custody for 644 days since April 4, 2019, but argued he was only entitled to 32 days of jail-time credit on 19CR-1778:

> When [Smith] was granted judicial release on the '15 cases, he had a total of jail and prison time credit of 1,178 days.  That was on a sentence of a total of 4 years, 11 months, which by my calculations, when he got jail time – when he got judicial release that he had 612 days left to serve on the '15 cases.
>
> He's been in on this case – he was arrested out of this incident April 4th of '19, giving him 644 days of credit.  My request would be that 612 of those days go toward the '15 cases and he only be awarded 32 days on the pending case.  I think that is what would be appropriate here.

(Jan. 6, 2021 Tr. at 3-4.) Smith's trial counsel did not object to the state's jail-time credit calculation, stating "as to the jail credit, the government is correct * * * [y]ou can allocate that jail credit however you want."  *Id.* at 6.  Assessing the allocation of jail-time credit, the trial court stated:

> I do agree with the State that the time he did in jail is essentially eating up his time that he would have been sent to prison – back to prison on anyway. * * * [T]he reality is he got time served on those two felonies that he otherwise would have went to prison for.

*Id.* at 15.

{¶ 10}   The trial court sentenced Smith to 24 months of imprisonment in 19CR-1778 and found he had 32 days of jail-time credit.  Smith timely appealed the trial court's sentencing entry.

## II. ASSIGNMENT OF ERROR

{¶ 11} Smith assigns the following as trial court error:

> The trial court committed plain and reversible error by failing to attribute and certify jail time credit to Appellant, in violation of the rights guaranteed to Appellant under the Equal Protection Clauses of the United States and Ohio Constitutions, and R.C. 2967.191.

## III. STANDARD OF REVIEW

{¶ 12} Because Smith did not object to the jail-time credit calculation at the sentencing hearing, he has waived all but plain error. *State v. Slager*, 10th Dist. No. 08AP-581, 2009-Ohio-1804, ¶ 16. "A court will find plain error only when (1) there was an error, (2) the error was 'plain,' i.e., obvious, and (3) the error 'affected substantial rights.' " *State v. Young*, 10th Dist. No. 18AP-630, 2020-Ohio-462, ¶ 32, quoting *State v. Tench*, 156 Ohio St.3d 85, 2018-Ohio-5205, ¶ 217. The accused bears the burden of demonstrating plain error on the record. *Id.* We have held that a trial court's failure to properly calculate a felony offender's jail-time credit and include it in the body of the sentencing judgment is plain error. *See State v. Mills*, 10th Dist. No. 09AP-198, 2009-Ohio-6273, ¶ 13; *State v. Collier*, 184 Ohio App.3d 247, 2009-Ohio-4652, ¶ 18 (10th Dist.).

## IV. LEGAL ANALYSIS

{¶ 13} Smith's sole assignment of error argues the trial court should have granted 644 days of jail-time credit in 19CR-1778 because he was continuously confined on that case from April 4, 2019 until the sentencing hearing on January 6, 2021. Smith asserts the trial court's decision to credit 612 of the 644 days of jail-time credit only to 15CR-3524 and 15CR-4921, and the remainder of 32 days to 19CR-1778, was contrary to the requirements of R.C. 2967.191 and the Supreme Court of Ohio's ruling in *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856.

{¶ 14} "[T]he practice of awarding jail-time credit is embedded in the Equal Protection Clauses of the United States and Ohio Constitutions, which prohibit disparate treatment of defendants based solely upon their economic status." *State v. Maynard*, 10th Dist. No. 08AP-43, 2008-Ohio-3829, ¶ 13, citing *Fugate* at ¶ 7. This principle "is codified in R.C. 2967.191 and * * * the Ohio Administrative Code provides additional details concerning when a prisoner is entitled to jail-time credit and how to apply the credit to the prison term." *Id.* at ¶ 14, citing *Fugate* at ¶ 8-9.

{¶ 15} R.C. 2967.191 requires the Ohio Department of Rehabilitation and Correction ("ODRC") to "reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, * * * as determined by the sentencing court * * *." If an offender is serving two or more sentences concurrently, ODRC "shall independently reduce each sentence or stated prison term for the number of days confined for that offense." Ohio Adm.Code 5120-2-04(E).[1] By contrast, if an offender is serving two or more sentences consecutively, ODRC is directed to "reduce the aggregate definite sentence * * * by the total number of days the offender was confined for all of the offenses for which the consecutive sentences * * * were imposed." Ohio Adm.Code 5120-2-04(F).[2] Thus, there are different rules for jail-time credit depending on whether concurrent or consecutive sentences are imposed. *Maynard* at ¶ 14.

{¶ 16} In *Fugate*, the Supreme Court held that "[w]hen a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." *Fugate* at syllabus. The defendant in *Fugate* was convicted on felony charges and previously had been convicted on other felony charges and placed on community control. *Id.* at ¶ 3. Immediately before sentencing on the new convictions, the trial court held a revocation hearing. The trial court imposed a 12-month sentence for the community control violation and found the defendant had 213 days of jail-time credit. *Id.* The trial court then imposed concurrent sentences on the later convictions but did not grant jail-time credit on those sentences. *Id.* at ¶ 4-5.

{¶ 17} On appeal, the Supreme Court held the objective of R.C. 2967.191 and the rules contained in Ohio Adm.Code 5120-2-04 is to "comply with the requirements of equal protection by reducing the total time that offenders spend in prison after sentencing by an amount equal to the time that they were previously held." *Id.* at ¶ 11. "[I]n order to satisfy this objective, when concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit." *Id.* at ¶ 12. The court reasoned that "[i]f an offender is sentenced to concurrent

---

[1] As of January 6, 2021, the quoted provision was set forth in Ohio Adm.Code 5120-2-04(F). Effective May 27, 2021, an amendment to the rule moved the quoted provision to Ohio Adm.Code 5120-2-04(E).
[2] As of January 6, 2021, the quoted provision was set forth in Ohio Adm.Code 5120-2-04(G). Effective May 27, 2021, an amendment to the rule moved the quoted provision to Ohio Adm.Code 5120-2-04(F).

terms, applying credit to one term only would, in effect, negate the credit for time that the offender has been held" and would violate the Equal Protection Clause. *Id.* at ¶ 22. Accordingly, the court concluded, because Fugate had been held in custody on the community control violation and the later convictions, and had been sentenced to concurrent sentences, he was entitled to jail-time credit on all those sentences. *Id.*

{¶ 18} We have held that *Fugate* does not apply when a trial court "sentence[s] [a defendant] to an amount of time equal to the amount of jail time credit he had, which result[s] in [the defendant] having already served his sentence for the community control violation by the time of the sentencing hearing." *State v. Speakman*, 10th Dist. No. 08AP-456, 2009-Ohio-1184, ¶ 13. *See also State v. Allen*, 10th Dist. No. 19AP-285, 2020-Ohio-5155, ¶ 46-49; *State v. Smith*, 10th Dist. No. 08AP-736, 2009-Ohio-2166, ¶ 49. Other Ohio courts have similarly held that *Fugate* does not apply "when the trial court essentially sentences the defendant to 'time served' for a community control violation but does not run the community control violation sentence concurrent with the sentence for the new crimes." *State v. Dobbins*, 12th Dist. No. CA2019-04-061, 2020-Ohio-726, ¶ 22. *See also State v. Maddox*, 8th Dist. No. 99120, 2013-Ohio-3140, ¶ 49.

{¶ 19} In this case the trial court did not impose a sentence for the community control violations in 15CR-3524 and 15CR-4921 to be served concurrently with the sentence for the conviction in 19CR-1778. Instead, it found Smith had served jail time equal to the time remaining on his original sentences in 15CR-3524 and 15CR-4921. Accordingly, the trial court applied 612 days of jail-time credit to those sentences and terminated 15CR-3524 and 15CR-4921 *before* the sentencing hearing in 19CR-1778. At the sentencing hearing, the trial court credited the remaining 32 days Smith had spent in jail awaiting sentencing to the sentence imposed in 19CR-1778. Under these circumstances *Fugate* did not apply, and the trial court did not plainly err by refusing to apply the 612 days of jail time that completed his sentences in 15CR-3524 and 15CR-4921 as jail-time credit in 19CR-1778.

{¶ 20} Accordingly, Smith's sole assignment of error is overruled.

## V.  CONCLUSION

{¶ 21}  For the foregoing reasons, we overrule Smith's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT and JAMISON, JJ., concur.

_____