[Cite as *State v. Britford*, 2024-Ohio-820.]

Judgment reversed. The trial court erred by sustaining an objection which was never made and by rendering judgment without considering all the evidence. Because appellant's income decreased significantly in the year prior to trial, the court erred by failing to explain why it refused to reserve jurisdiction to modify the spousal support award.IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 23AP-363 |
| v. | : | (C.P.C. No. 08CR-6158) |
| Quian R. Britford, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 23AP-364 |
| v. | : | (C.P.C. No. 08CR-9003) |
| Quian R. Britford, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 23AP-365 |
| v. | : | (C.P.C. No. 09CR-1195) |
| Quian R. Britford, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 7, 2024

**On brief:** [*Janet A. Grubb*, First Assistant Prosecuting Attorney], *Seth L. Gilbert*, and *Paula M. Sawyers*, for appellee. **Argued:** *Jeffery Devereaux*.

**On brief:** *Quian R. Britford*, pro se. **Argued:** *Quain R. Britford.*

---

APPEALS from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} In these consolidated appeals,[1] defendant-appellant, Quian R. Britford, acting pro se, appeals from judgments of the Franklin County Court of Common Pleas denying his motions for jail-time credit. For the reasons outlined below, we dismiss these appeals as moot.

## I. Facts and Procedural History

{¶ 2} The record reflects that in case No. 08CR-6158 (23AP-363), appellant was indicted on August 22, 2008 for one count of attempted murder with firearm specification, one count of felonious assault with firearm specification, and one count of having a weapon while under disability ("WUD"). In case No. 08CR-9003 (23AP-364), appellant was indicted on December 31, 2008 for one count of second-degree felony possession of cocaine with firearm specification, one count of carrying a concealed weapon, one count of unlawful possession of a dangerous ordnance, and one count of WUD. In case No. 09CR-1195 (23AP-365), appellant was indicted on March 2, 2009 for one count of second-degree felony possession of cocaine with firearm specification, one count of WUD, and one count of carrying a concealed weapon.

{¶ 3} On October 5, 2009, the trial court held a change-of-plea hearing on all three cases. In case No. 08CR-6158, appellant entered a counseled *Alford*[2] guilty plea to one count of felonious assault with the attendant firearm specification. In case No. 08CR-9003, appellant entered a counseled *Alford* guilty plea to one count of the stipulated lesser-included offense of third-degree possession of cocaine without firearm specification, and one count of WUD. In case No. 09CR-1195, appellant entered a counseled *Alford* guilty plea to one count of the stipulated lesser-included offense of second-degree felony possession of cocaine without firearm specification, and one count of WUD. The trial court found appellant guilty pursuant to his *Alford* pleas and proceeded immediately to sentencing.

---

[1] By journal entry issued June 20, 2023, this court sua sponte consolidated the appeals in case Nos. 23AP-363, 23AP-364, and 23AP-365 for purposes of record filing, briefing, oral argument, and determination.

[2] *N. Carolina v. Alford*, 400 U.S. 25 (1970).

{¶ 4} Following the sentencing hearing, the trial court issued three separate judgments on October 6, 2019. In case No. 08CR-6158, the trial court imposed an aggregate prison term of 10 years and 3 years mandatory post-release control ("PRC") and recognized 417 days of jail-time credit. In case No. 08CR-9003, the court imposed a 5-year period of community control to begin after appellant's release from prison in case No. 08CR-6158 and recognized 10 days of jail-time credit. The judgment entry reflects the trial court advised appellant he would receive 5 years incarceration concurrent with case No. 09CR-1195 but consecutive to case No. 08CR-6158 if he violated his community control. In case No. 09CR-1195, the court imposed a 5-year period of community control to begin after his release from prison in case No. 08CR-6158 and recognized 10 days of jail-time credit. The judgment entry reflects the trial court advised appellant he would receive 5 years incarceration concurrent with case No. 08CR-9003 but consecutive to case No. 08CR-6158 if he violated his community control.

{¶ 5} In the years following his convictions, appellant filed numerous unsuccessful motions in the trial court and/or appeals in this court. At issue in the present case are appellant's May 22, 2023 pro se motions for jail-time credit filed in case Nos. 08CR-6158, 08CR-9003, and 09CR-1195. In those identical motions, appellant argued he was held in state custody on all three cases from August 15, 2008 until October 5, 2009 and was subsequently sentenced to concurrent prison terms in those cases; accordingly, argued appellant, he was entitled to the same number of jail-time credit days (which appellant calculated to be 420 days) in all three cases. On May 24, 2023, plaintiff-appellee, State of Ohio, filed opposing memoranda.

{¶ 6} On May 31, 2023, the trial court issued three separate judgments disposing of appellant's motions for jail-time credit without explanation. Specifically, in case No. 08CR-6158, the trial court dismissed appellant's motion as moot; in case Nos. 08CR-9003 and 09CR-1195, the trial court denied appellant's motions.

## II. Assignment of Error

{¶ 7} Appellant timely appeals the trial court's judgments, advancing one assignment of error for our review:

> The trial Court error in the prejudice of the Defendant by denying his Motion made pursuant to 2929.191 and 2967.19 as moot, without complying with 2929.41(A).

(Sic passim.)

### III. Analysis

{¶ 8} In his single assignment of error, appellant argues the trial court erred when it failed to apply jail-time credit of 420 days to each of his sentences. Appellant maintains that by failing to award him the jail-time credit to which he was entitled, the trial court violated certain statutory requirements and principles of equal protection. The state responds that appellant's assignment of error is moot; thus, the appeals in case Nos. 23AP-363, 23AP-364, and 23AP-365 must be dismissed.

{¶ 9} We first consider appellant's appeal in case No. 23AP-363 (08CR-6158). As noted above, appellant was sentenced on October 6, 2009 to an aggregate ten-year term of imprisonment. As the Supreme Court of Ohio has noted, once an offender has served his or her sentence and has been released from prison, any alleged error relating to the calculation of jail-time credit is moot as there is no existing case or controversy to resolve. *State ex rel. Compton v. Sutula*, 132 Ohio St.3d 35, 2012-Ohio-1653, ¶ 5 (defendant's claims concerning jail-time credit were rendered moot when he was released from prison); *State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 2006-Ohio-6572, ¶ 6 (once a defendant has served his sentence, any error related to the calculation of jail-time credit is moot); *State ex rel. Brown v. Ohio Dept. of Rehab. & Corr.*, 139 Ohio St.3d 433, 2014-Ohio-2348, ¶ 2 (because defendant has served his full term of incarceration, his action in mandamus seeking jail-time credit is moot).

{¶ 10} In the present case, appellant's name does not appear on records from the Ohio Department of Rehabilitation and Correction ("ODRC"), thus confirming appellant is no longer incarcerated (accessed Mar. 6, 2024).[3] Moreover, appellant's own pro se brief reflects a residential Columbus, Ohio address, and appellant appeared before this court for oral argument and asserted he has been released from prison. Although appellant averred at oral argument that he remains on PRC resulting from a parole violation in 2021, there is nothing in the record or on ODRC's website to substantiate that assertion. Further, " 'the fact that [appellant] remains on [PRC] does not preclude a finding of mootness with regard

---

[3] In accord with the Supreme Court and several Ohio appellate districts, we take judicial notice of ODRC's website, http://www.drc.ohio.gov/OffenderSearch/Search.aspx, to determine if a defendant is incarcerated and the date of release. *Brown* at ¶ 2; *State v. Williams*, 12th Dist. No. CA2018-01-012, 2018-Ohio-3989, ¶ 12, fn. 1; *State v. Bennett*, 2d Dist. No. 2014-CA-60, 2015-Ohio-2779, ¶ 5, fn. 1; *State v. Blakovich*, 7th Dist. No. 20 CO 0011, 2021-Ohio-2355, ¶ 12.

to jail-time credit.' " *State v. Jama*, 10th Dist. No. 17AP-569, 2018-Ohio-1274, ¶ 16, quoting *State v. Bennett*, 2d Dist. No. 2014-CA-60, 2015-Ohio-2779, ¶ 5, citing *Brown* at ¶ 1-2.

{¶ 11} As a result, even assuming the trial court improperly calculated his jail-time credit, because he has completed his ten-year prison sentence and been released from prison, there is no relief this court can provide to him; as such, his appeal in case No. 23AP-363 is moot. *Jama* at ¶ 14-17 (appeal challenging trial court's award of jail-time credit rendered moot by defendant's "release from confinement on the expiration of her sentence"); *State v. Montavon*, 10th Dist. No. 12AP-631, 2013-Ohio-2009, ¶ 7 (because defendant has served his entire sentence and is not challenging the underlying conviction, the assignments of error asserted in this appeal are moot). As jail-time credit relates only to the length of a sentence and not the underlying conviction, no collateral disability results by applying the mootness doctrine to felony sentencing. *Jama* at ¶ 14, citing *State v Barnes*, 12th Dist. No. CA2015-01-005, 2015-Ohio-3523, ¶ 8. Furthermore, the exception to the mootness doctrine, when a claim is capable of repetition, yet evades review, does not apply to claims for jail-time credit because there is no reasonable expectation an offender will be subject to the same action again. *Id.* at ¶ 10, citing *Gordon* at ¶ 6; *Montavon* at ¶ 8. Thus, appellant's argument related to the trial court's alleged miscalculation of jail-time credit is moot, and the appeal in case No. 23AP-363 must be dismissed.

{¶ 12} Though arising from a slightly different procedural posture, appellant's appeals in case Nos. 23AP-364 and 23AP-365 are likewise moot. As noted above, in both case Nos. 08CR-9003 and 09CR-1195, the trial court imposed a five-year period of community control to begin after appellant's release from prison in case No. 08CR-6158 and advised him that if he violated the terms of community control, his suspended five-year prison terms would be served concurrent with each other but consecutive to case No. 08CR-6158. The supplemental records filed by the state[4] reflect that after appellant filed his appeals in case Nos. 08CR-9003 and 09CR-1195, the trial court issued orders on August 2, 2023 terminating community control based on findings that appellant had complied with the terms of his community control. Accordingly, his sentences in those two cases, as well as any suspended prison terms, have been completed. Thus, appellant's argument

---

[4] By journal entry filed September 23, 2023, this court granted the state's amended motion for leave to supplement the records on appeal with updated certified copies of the docket in case Nos. 08CR-9003 and 09CR-1195.

regarding the trial court's alleged miscalculation of jail-time credit in those two cases is moot, and the appeals in case Nos. 23AP-364 and 23AP-365 must be dismissed.

**IV. Conclusion**

{¶ 13} For the foregoing reasons, appellant's sole assignment of error is rendered moot, and we dismiss his appeals.

*Appeals dismissed.*

BOGGS and EDELSTEIN, JJ., concur.

———————————