[Cite as *State v. Cherry*, 2025-Ohio-1152.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,                    :

v.                                               :

Letwan E. Cherry,                                :

      Defendant-Appellant.                   :

No. 24AP-351
(C.P.C. No. 23CR-3214)

No. 24AP-352
(C.P.C. No. 24CR-440)

(REGULAR CALENDAR)

D E C I S I O N

Rendered on March 31, 2025

**On brief:** [*Shayla D. Favor*], Prosecuting Attorney, and *Mark R. Wilson*, for appellee.

**On brief:** *Bellinger & Donahue*, and *Kerry M. Donahue*, for appellant.

APPEALS from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} In case No. 24AP-351, defendant-appellant, Letwan E. Cherry, appeals from a judgment entry of the Franklin County Court of Common Pleas finding him guilty, pursuant to guilty plea, of one count of trafficking in a fentanyl-related compound. Mr. Cherry additionally appeals, in case No. 24AP-352, from a judgment entry finding him guilty, pursuant to guilty plea, of carrying a concealed weapon. For the following reasons, we reverse case No. 24AP-351, and we dismiss the appeal in case No. 24AP-352.

**I. Facts and Procedural History**

{¶ 2} This consolidated appeal involves two separate cases, Franklin C.P. No. 23CR-3214 ("Case 23") and No. 24CR-440 ("Case 24"). Case 23 originated in the Franklin County Municipal Court when, on June 20, 2023, plaintiff-appellee, State of Ohio, charged

Mr. Cherry with one count of possession of drugs in violation of R.C. 2925.11, a second-degree felony; and one count of having a weapon while under disability in violation of R.C. 2923.13, a third-degree felony. Mr. Cherry entered a plea of not guilty and was released on a recognizance bond on June 21, 2023.

{¶ 3} By indictment filed August 4, 2023, the state charged Mr. Cherry with one count of trafficking in a fentanyl-related compound in violation of R.C. 2925.03, a first-degree felony; one count of possession of a fentanyl-related compound in violation of R.C. 2925.11, a first-degree felony; one count of carrying a concealed weapon in violation of R.C. 2923.12, a fourth-degree felony; and one count of having a weapon while under disability in violation of R.C. 2923.13, a third-degree felony. The charges in the indictment in Case 23 related to the conduct underlying the municipal court case. The trial court issued a summons to Mr. Cherry to appear in common pleas court on August 18, 2023. Mr. Cherry appeared, entered a plea of not guilty, and the court released him on a recognizance bond.

{¶ 4} On November 9, 2023, while out on bond in Case 23, law enforcement arrested Mr. Cherry following a report of an assault. (Apr. 25, 2024 Tr. at 7; Reactivation Entry.) On November 14, 2023, the trial court revoked Mr. Cherry's bond in Case 23 for "fail[ing] to comply with pretrial release – clerk to issue warrant – new offense WUD." (Processing sheet.) The court conducted a bond hearing on November 28, 2023 and denied Mr. Cherry's request for bond.

{¶ 5} On January 30, 2024, the state filed the indictment in Case 24, charging Mr. Cherry with one count of carrying a concealed weapon in violation of R.C. 2923.12, a fourth-degree felony; one count of having a weapon while under disability in violation of R.C. 2923.13, a third-degree felony; and one count of illegal possession of a firearm in a liquor permit premises in violation of R.C. 2923.121, a third-degree felony. The indictment in Case 24 related to the events of November 8, 2023 that led to Mr. Cherry's arrest and bond revocation in Case 23. Mr. Cherry initially entered a plea of not guilty.

{¶ 6} Subsequently, on April 25, 2024, Mr. Cherry entered guilty pleas in both cases. In Case 23, Mr. Cherry entered a guilty plea to one count of trafficking in a fentanyl-related compound as a first-degree felony. The plea form contained a jointly recommended sentence of "no less than 6 years and no more than 9 years. Jail time credit of 172 days." (Emphasis deleted.) (Entry of Guilty Plea at 1.) In Case 24, Mr. Cherry entered a guilty plea to one count of carrying a concealed weapon as a fourth-degree felony. The plea form

contained a jointly recommended sentence of "time served and jail time credit for 172 days. Close case today." (Emphasis deleted.) (Entry of Guilty Plea at 1.) The state agreed to nolle the other charges in each case.

{¶ 7} The trial court conducted a joint plea and sentencing hearing on April 25, 2024 for both cases. During the hearing, the court stated:

> There is just a slight change because you have asked to resolve the sentence with a time served, close case today on a F4 with 169. The way it works in this court, when you close out a case where there is not time done, all time goes on the closed case. So in [Case 24], the Court is giving you 352 days, time serving that. In [Case 23], the Court is sentencing you to a minimum of 11 years, maximum of 16-and-a-half years but giving you a 6 year sentence in ODRC with zero jail credit. That will be all. Thank you.

(Sentencing Tr. at 8-9.) Defense counsel asked if the court would "reconsider the jail credit issue," to which the court replied "[n]o." (Sentencing Tr. at 9.) Defense counsel then noted its objection for the record.

{¶ 8} On May 6, 2024, the trial court filed judgment entries in both cases journalizing Mr. Cherry's convictions and sentences. The judgment entry in Case 23 imposed "an indefinite sentence of a minimum of Six (6) years up to a potential maximum of Nine (9) years at the Ohio Department of Rehabilitation and Correction" and found Mr. Cherry had "Zero (0) days of jail credit." (Emphasis deleted.) (Jgmt. Entry at 2-3.) The judgment entry in Case 24 imposed a sentence of "Six (6) months at the Franklin County Corrections Center. TIME SERVED." The judgment entry in Case 24 additionally states Mr. Cherry has "Three Hundred Fifty-two (352) days of jail credit." (Jgmt. Entry at 2.) Mr. Cherry timely appeals.

## II. Assignment of Error

{¶ 9} Mr. Cherry raises the following sole assignment of error for our review:

> It was error for the court to improperly apply/deny jail time credit in violation of the Ohio and U.S. Constitution's Equal Protection Clause as codified in R.C. 2967.191(A).

## III. Discussion

{¶ 10} In his sole assignment of error, Mr. Cherry argues the trial court erred in failing to apply jail-time credit to Case 23.

{¶ 11} The Equal Protection Clauses of both the United States and Ohio Constitutions do not tolerate disparate treatment of criminal defendants based on their economic status, and all time spent in confinement prior to trial must be credited to the offender's sentence. *See, e.g., State v. Fugate*, 2008-Ohio-856, ¶ 7. Pursuant to R.C. 2967.191(A), the "department of rehabilitation and correction [ODRC] shall reduce the prison term of a prisoner . . . by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, . . . as determined by the sentencing court under [R.C. 2929.19(B)(2)(g)(i)]." When a trial court imposes a prison sentence, it must "[d]etermine, notify the offender of, and include in the sentencing entry the total number of days . . . that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which [ODRC] must reduce the definite prison term . . . under section 2967.191 of the Revised Code." R.C. 2929.19(B)(2)(g)(i).

{¶ 12} Jail-time credit determinations are subject to challenge in a direct appeal from the judgment entry of conviction. *State v. Mohamood*, 2018-Ohio-3388, ¶ 10 (10th Dist.), citing *State v. Inboden*, 2014-Ohio-5762, ¶ 11 (10th Dist.). "An appellate court may modify or vacate a trial court's computation of jail-time credit if it clearly and convincingly finds that the awarded credit is contrary to law." *State v. Favours*, 2024-Ohio-2819, ¶ 28 (10th Dist.), citing *State v. Bowden*, 2015-Ohio-3740, ¶ 18 (1st Dist.), citing R.C. 2953.08(G)(2)(b). A trial court errs when it fails to properly calculate jail-time credit and include it in the sentencing entry. *Id.*, citing *State v. Smith*, 2021-Ohio-4091, ¶ 12 (10th Dist.) ("[A] trial court's failure to properly calculate jail-time credit and include it in the body of the sentencing judgment is plain error.").

{¶ 13} Mr. Cherry argues the trial court erred when it failed to award him jail-time credit in Case 23. In both Case 23 and Case 24, the parties jointly recommended a sentence to the trial court. Each case contained a joint recommendation of 172 days of jail-time credit. The plea forms in both cases, which Mr. Cherry signed to indicate his understanding, contained a statement that "I understand that the prosecution and defense jointly recommend to the Court the following sentence(s), which is/are not binding upon the Court." (Entry of Guilty Plea at 1.) At the sentencing hearing, the trial court departed from the joint recommendation as to jail-time credit in both cases. The trial court applied

352 days of jail-time credit in Case 24 and sentenced Mr. Cherry to time served.  In Case 23, the trial court sentenced Mr. Cherry to a minimum term of 6 years and a maximum of 9 years with no jail-time credit.

**{¶ 14}** As a general matter, a trial court is not bound to follow a jointly recommended sentence in a plea agreement.  *State v. Newell*, 2024-Ohio-939, ¶ 14 (10th Dist.), citing *State v. Underwood*, 2010-Ohio-1, ¶ 28. The state asserts the recommendation of 172 days of jail-time credit in each case was intended to create a choice for the trial court to make during sentencing.  Mr. Cherry argues that because the entire period of his pre-sentence confinement was attributable to the conduct in Case 23, the court erred in failing to apply the agreed upon 172 days of jail-time credit in Case 23.

**{¶ 15}** Though we agree with the state that the trial court was not bound by the joint sentencing recommendation, we are mindful that jail-time credit is governed by statute. R.C. 2929.19(B)(2)(g)(i), which requires a trial court to determine jail-time credit and include it in the sentencing entry, is not discretionary.  However, nothing in the plain language of R.C. 2929.19(B)(2)(g)(i) prohibits a defendant from agreeing to a specified application of jail-time credit as part of a negotiated plea agreement.  *See State v. Speakman*, 2009-Ohio-1184, ¶ 14 (10th Dist.) (finding no plain error in the trial court's application of jail-time credit in the manner the parties agreed to as part of the plea agreement).

**{¶ 16}** While a defendant may agree to a certain application of jail-time credit as part of a plea agreement, this case presents a different set of facts.  Here, the trial court did not follow the jointly recommended sentence, and the record does not indicate Mr. Cherry agreed to waive the application of jail-time credit in Case 23.  Instead, both plea agreements referred to 172 days of jail-time credit, and Mr. Cherry objected during the April 25, 2024 hearing to the trial court's jail-time credit determination.  Thus, we must determine whether the trial court's calculation of jail-time credit in Case 23 is clearly and convincingly contrary to law.  *Favours*, 2024-Ohio-2819, at ¶ 28.

**{¶ 17}** "[T]here are different rules for jail-time credit depending on whether concurrent or consecutive sentences are imposed." *Smith*, 2021-Ohio-4091, at ¶ 15, citing *State v. Maynard*, 2008-Ohio-3829, ¶ 14 (10th Dist.). "If an offender is serving two or more sentences concurrently, ODRC 'shall independently reduce each sentence or stated prison term for the number of days confined for that offense.' " *Id.*, quoting Adm.Code 5120-2-

04(E). On the other hand, "if an offender is serving two or more sentences consecutively, ODRC is directed to 'reduce the aggregate definite sentence . . . by the total number of days the offender was confined for all of the offenses for which the consecutive sentences . . . were imposed.' " *Id.*, quoting Adm.Code 5120-2-04(F).

{¶ 18} "[A]lthough concurrent and consecutive terms are to be treated differently when jail-time credit is applied, the overall objective is the same: to comply with the requirements of equal protection by reducing the total time that offenders spend in prison after sentencing by an amount equal to the time that they were previously held." *Fugate* at ¶ 11. When a court sentences a defendant to concurrent prison terms for multiple offenses, the court must apply jail-time credit pursuant to R.C. 2967.191 toward each concurrent prison term. *Favours* at ¶ 31, quoting *Fugate* at ¶ 11. Where a trial court imposes consecutive sentences for multiple offenses, the trial court is to apply jail-time credit " 'only once' to the aggregate prison term." *Id.*, quoting *Fugate* at ¶ 10.

{¶ 19} The state notes the trial court did not sentence Mr. Cherry to concurrent terms. Rather, the court imposed non-concurrent sentences of time served in Case 24 and a minimum of six years in Case 23. Because the court elected to apply all of Mr. Cherry's jail-time credit to Case 24, the state argues Mr. Cherry is not entitled to any additional jail-time credit in Case 23 as any additional allocation of jail-time credit would have the effect of double-counting his credit in contravention of *Fugate*, R.C. 2967.191, and the Ohio Administrative Code.

{¶ 20} As a general matter, we agree with the state that a defendant sentenced to non-concurrent sentences is not entitled to have his jail-time credit double-counted. The principle established in *Fugate* applies when the period of pre-trial confinement is attributable to more than one offense. However, the unique facts of this case present a more nuanced problem. The record indicates that some portion of Mr. Cherry's pre-sentence confinement related solely to the charges underlying Case 23 and his bond revocation in that case, while the remaining portion of his pre-sentence confinement related to both Case 23 and Case 24. As the Supreme Court of Ohio has explained, "jail-time credit is offense specific: It applies only to the sentence corresponding to the offense for which the prisoner was confined before receiving that sentence." *State ex rel. Moody v. Dir., Ohio Bur. of Sentence Computation*, 2024-Ohio-5231, ¶ 9, citing *State ex rel. Rankin v. Mohr*, 2011-Ohio-5934, ¶ 2. *See also* R.C. 2967.191(A) (ODRC "shall reduce the stated

prison term of a prisoner . . . by the total number of days that the prisoner was confined for any reason *arising out of the offense for which the prisoner was convicted and sentenced.*"). (Emphasis added.) "Accordingly, the jail-time credit a prisoner earns from his confinement for a criminal offense for which he was sentenced in one case does not apply against the prisoner's sentence imposed for a different criminal offense in a different case." *Moody* at ¶ 9, citing *Rankin* at ¶ 2. Stated another way, where the period of confinement was attributable to both Case 23 and Case 24 and the sentences are non-concurrent, the trial court properly elects to apply jail-time credit from that period to one case or the other, but not both. But where the period of confinement was attributable only to Case 23, absent an agreement of the parties, the trial court could not refuse to apply jail-time credit in Case 23 for the period of confinement attributable only to Case 23.

{¶ 21} Here, the parties agreed during plea negotiations that Mr. Cherry had a total of 172 days of jail-time credit, but the parties did not specify which days were attributable to which case. Mr. Cherry was arrested on either November 8 or 9, 2023, had his bond revoked, and was held in confinement continuously until his plea and sentencing hearing on April 25, 2024 and through the issuance of the May 6, 2024 judgment entries. However, Mr. Cherry was not indicted in Case 24 until January 30, 2024 and did not make his initial appearance in that case until February 2, 2024. The record indicates that although the conduct that would become Case 24 was the basis for his November 2023 arrest, the entire period of confinement is not attributable to Case 24. At the November 28, 2023 bond revocation hearing in Case 23, the following exchange occurred:

> [DEFENSE COUNSEL]: My client is out on bond - - or was out on bond in a case before you. His bond was revoked because he picked up a new charge. ***That case has since now been dismissed, it may get rejuvenated, we are not sure.*** He is presumed innocent on the new case. In fact, we believe he is actually innocent. I think he has reported as required or he'd shown up for court I know that at least. With that in mind, I'd ask that you allow him to reinstate his bond. If it's on a reporting basis, that seems to make sense to me with drug screens. I have nothing further. Thank you.
>
> THE COURT: Mr. Morgan.
>
> [PROSECUTOR]: Thank you, Your Honor. The State would be opposed to reinstating bond. The defendant does currently have - - ***I do want to clarify, the case that was***

> ***previously dismissed was dismissed out of municipal as a firearm charge that we are waiting on labs to return.*** So it was not a dismissal through this court. It was a dismissal for the 10-day rule next door.
>
> As far as the case at bar this morning, I am showing a large amount of narcotics, being a felony of the first degree level on narcotics, as well as a firearm. ***The pending case that will be indicted shortly is also a firearm, weapons under disability charge***. Given the repeated access to firearms and narcotics, the State would stand opposed to reinstating the bond. Thank you.
>
> THE COURT: At this time no change. Thank you.

(Emphasis added.) (Nov. 28, 2023 Tr. at 2-3.) Thus, at the time of the November 28, 2023 bond revocation hearing, Mr. Cherry was being held only related to Case 23. Because some portion of the confinement related only to Case 23, it was error for the trial court to refuse to apply any jail-time credit in Case 23. *Moody* at ¶ 9. *See also State v. Griffin*, 2021-Ohio-4092, ¶ 14 (10th Dist.) (noting jail-time credit is calculated on a case-by-case basis, and "[t]he fact that the sentencing entry for [one case] accorded Mr. Griffin 183 days of jail credit does not mean that he should not receive that credit in the . . . felonious assault case for which he apparently had been confined").

{¶ 22} Further complicating this matter is the sentence of time served in Case 24. Though Mr. Cherry filed an appeal in both cases, his assignment of error relates only to the allocation of jail-time credit in Case 23. The state did not appeal the sentence or the allocation of jail-time credit in Case 24. "[U]nder Ohio law, once a defendant has completed a prison sentence, any alleged error relating to the calculation of jail-time credit becomes moot as there is no longer an existing case or controversy." *State v. Jama*, 2018-Ohio-1274, ¶ 14 (10th Dist.), citing *State ex rel. Brown v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-2348, ¶ 1-2; *State ex rel. Compton v. Sutula*, 2012-Ohio-1653, ¶ 5; *Crase v. Bradshaw*, 2006-Ohio-663, ¶ 5; *State v. Lynch*, 2015-Ohio-3366, ¶ 7 (10th Dist.). *See also State v. Britford*, 2024-Ohio-820, ¶ 11 (10th Dist.) ("[E]ven assuming the trial court improperly calculated his jail-time credit, because he has completed his ten-year prison sentence and been released from prison, there is no relief this court can provide to him; as such, his appeal . . . is moot."). Because the trial court sentenced Mr. Cherry to time served in Case 24, he has completed his sentence in that case. *See, e.g., State v. Lewis*, 2023-Ohio-4651,

¶ 10 (8th Dist.) ("Once the court imposed a sentence of 'time served,' [the] appellant was not subject to the court's control and thus there was no need to seek a stay."). Indeed, the state agrees Case 24 was "terminated" before the trial court imposed the sentence in Case 23. (State's Brief at 12.) While both parties indicate the trial court's reference to 352 days of jail-time credit in Case 24 was erroneous based on this record, Mr. Cherry has completed his imposed sentence of time served. Thus, neither this court nor the trial court can revisit the allocation of jail-time credit in Case 24, and we must dismiss the appeal of Case 24 as moot. *Britford* at ¶ 11.

{¶ 23} Even assuming the trial court erred in its allocation of jail-time credit in Case 24 and cannot correct its error as to that case, the court must still correct its error in failing to allocate any jail-time credit in Case 23. We note that, although the court erred in refusing to apply *any* jail-time credit to Case 23, we take no position at this juncture as to whether Mr. Cherry is entitled to the *entire* 172-day period of jail-time credit in Case 23 or some lesser number of days. Despite any errors the court may have committed in applying the entirety of the jail-time credit in Case 24, some portion of Mr. Cherry's overall confinement may have been attributable to both Case 23 and Case 24 and, as noted above, the court was able to elect to apply that portion of jail-time credit to either of the two cases. On remand, although the court cannot revisit its judgment entry in Case 24, the court must determine the number of days of jail-time credit attributable solely to Mr. Cherry's confinement related to Case 23 and apply that jail-time credit in Case 23.[1] *See Moody*, 2024-Ohio-5231, at ¶ 9, citing *Rankin*, 2011-Ohio-5934, at ¶ 2.

{¶ 24} Accordingly, based on the unique facts of this case, we agree with Mr. Cherry that the trial court erred in failing to allocate any jail-time credit to Case 23. We sustain Mr. Cherry's sole assignment of error.

## IV. Disposition

{¶ 25} Based on the foregoing reasons, the trial court erred in failing to apply any jail-time credit in Case 23 as some portion of Mr. Cherry's pre-sentence confinement was

---

[1] Our remand order is limited to the calculation and application of jail-time credit in Case 23. We recognize that determining the number of days attributable solely to Case 23 will necessarily require an examination of the number of days properly attributable to Case 24, including any time Mr. Cherry may have spent in confinement related to the dismissed municipal court case that led to his eventual indictment in Case 24. Though a calculation of the correct amount of jail-time credit that should have been awarded in Case 24 may be necessary to determine the correct amount of jail-time credit in Case 23, nothing in this decision should be construed as permitting the trial court to revisit Case 24.

attributable only to Case 23. Having sustained Mr. Cherry's sole assignment of error and having dismissed the appeal in Case 24 as moot, we reverse the judgment of the Franklin County Court of Common Pleas, and remand this matter to that court to determine the number of days of jail-time credit attributable solely to Case 23 and to apply jail-time credit in that case consistent with this decision.

*Judgment in case No. 24AP-351 reversed and cause remanded with instructions*; *appeal in case No. 24AP-352 dismissed.*

JAMISON, P.J., and DINGUS, J., concur.

_____