[Cite as *State v. McQueen*, 2025-Ohio-1959.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Robert G. Montgomery, J. |
| -vs- | |
| JACOB MCQUEEN | Case No. 24CA000024 |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Knox County Court of Common Pleas, Case No. 23CR08-0204 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | May 30, 2025 |
| APPEARANCES: | |

For Plaintiff-Appellee

CHARLES T. MCCONVILLE
Knox County Prosecuting Attorney
117 East High Street
Mount Vernon, Ohio 43050

For Defendant-Appellant

TODD W. BARSTOW
14 North Park Place
Newark, Ohio 43055

*Hoffman, J.*

**{¶1}** Defendant-appellant Jacob McQueen appeals the judgment entered by the Knox County Common Pleas Court convicting him following his plea of guilty to felonious assault (R.C. 2903.11(A)(1)), and sentencing him to a term of incarceration of six to nine years. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** In August of 2023, an officer from the Danville Police Department went to Appellant's residence to serve an arrest warrant. Appellant fled, running to another residence. The officer chased Appellant, and the two engaged in a "physical tussle." Tr. 10. The officer sustained permanent nerve damage to his right arm and hand as a result of the tussle with Appellant.

**{¶3}** Appellant was indicted by the Knox County Grand Jury with felonious assault, resisting arrest, and possession of drug abuse instruments. Appellant entered a plea of guilty to felonious assault, and was convicted upon his plea. The State dismissed the remaining charges. The case proceeded immediately to sentencing. The parties jointly recommended a sentence of four to six years of incarceration. The trial court sentenced Appellant to a term of six to nine years of incarceration. It is from the October 28, 2024 judgment of the trial court Appellant prosecutes his appeal.

**{¶4}** Appellate counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), *rehearing den.,* 388 U.S. 924, indicating the within appeal is wholly frivolous. In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a

brief identifying anything in the record which could arguably support the appeal. *Id.* Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw, and (2) allow the client sufficient time to raise any matters the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶5}    We find counsel has complied with *Anders*. Appellant has not filed a pro se brief, and the State has not filed a response brief. Counsel sets forth one assignment of error which could arguably support the appeal:

THE TRIAL COURT ERRED IN ACCEPTING MCQUEEN'S GUILTY PLEA UNDER CRIMINAL RULE 11 AND ERRED IN SENTENCING MCQUEEN.

{¶6}    Counsel concedes the trial court engaged in a complete plea colloquy as required by Crim. R. 11. Further, prior to accepting Appellant's plea, the trial court informed Appellant it was not bound to follow the joint sentencing recommendation of the parties. Appellant indicated he understood the trial court was not bound by the sentencing recommendation. Appellant further represented with knowledge of this, he was still willing to go forward with his guilty plea. Tr. 4. Upon review of the transcript of the plea hearing, we find no error in the trial court's acceptance of Appellant's guilty plea.

**{¶7}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts,* 2020-Ohio-6722, ¶13 (5th Dist.), *citing State v. Marcum*, 2016-Ohio-1002. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell*, 2014-Ohio-3177.

**{¶8}** When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 2013-Ohio-5025, ¶ 7 (8th Dist.).

**{¶9}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶10}** R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria

which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

{¶11} Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law.

{¶12} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 2021-Ohio-1512, ¶¶ 14-16 (5th Dist.).

{¶13} The trial court stated in its judgment entry it considered the principles and purposes of sentencing under R.C. 2929.11 and the balance of seriousness and recidivism factors pursuant to R.C. 2929.12. The sentence is within the statutory range. Pursuant to *Jones, supra*, this Court is not permitted to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. Further, although the trial court did not sentence Appellant in accordance with the joint recommendation, the trial court was not bound to the impose the jointly recommended sentence, and Appellant was informed of this fact prior to entering his plea. *See, e.g.,*

*State v. Cherry,* 2025-Ohio-1152, ¶ 14 (10th Dist.) We find the sentence imposed on Appellant is not contrary to law.

**{¶14}** After independently reviewing the record, we agree with counsel's conclusion no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Knox County Court of Common Pleas.

**{¶15}** The judgment of the Knox County Common Pleas Court is affirmed.

By: Hoffman, J.
Baldwin, P.J. and
Montgomery, J. concur