THE STATE EX REL. RANKIN, APPELLANT, *v.* MOHR, DIR., APPELLEE.

[Cite as *State ex rel. Rankin v. Mohr,* 130 Ohio St.3d 400, 2011-Ohio-5934.]

*Court of appeals' judgment denying request for writ of mandamus affirmed.*

(No. 2011-0997—Submitted November 16, 2011—Decided November 23, 2011.)

APPEAL from the Court of Appeals for Highland County, No. 10CA9.

_____

**Per Curiam.**

{¶ 1}  We affirm the judgment of the court of appeals denying the request of appellant, Robert Rankin, for a writ of mandamus to compel appellee, Gary Mohr, the director of the Ohio Department of Rehabilitation and Correction ("ODRC"), to recalculate the expiration of his stated prison term by crediting each of his concurrent prison terms with 734 days.

{¶ 2}  The ODRC director had no duty to reduce Rankin's Highland County 13-year sentence by the number of days that Rankin was confined for other crimes *before* he received the 13-year sentence.  R.C. 2967.191 provides: "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *."  The fact that the Highland County court ordered that Rankin's 13-year sentence be served concurrently with his prior sentences does not affect our determination that Rankin is not entitled to a reduction of his 13-year sentence.  See generally *State v. Parsley*, Franklin App. No. 01AP-612, 2010-Ohio-1689, 2010 WL 1510197, ¶ 48-50.  Our holding in *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, does not require a different result, because in that case, the defendant was held on each of the charges before

his sentencing, and he was thus entitled to a reduction of each concurrent prison term.  Id. at ¶ 17-18.

{¶ 3}   Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Robert Rankin, pro se.

Michael DeWine, Attorney General, and Jason Fuller, Assistant Attorney General, for appellee.

_____