[Cite as *State ex rel. Williams v. Chambers-Smith*, 2020-Ohio-1344.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Dayon Williams, | : | |
| Relator, | : | |
| v. | : | No. 19AP-388 |
| Annette Chambers-Smith, Department of Rehabilitation and Correction et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on April 7, 2020

**On brief:** *Dayon Williams,* pro se.

**On brief:** *Dave Yost,* Attorney General, and *George Horvath,* for respondents.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

LUPER SCHUSTER, J.

{¶ 1} Relator, Dayon Williams, initiated this original action requesting this court issue a writ of mandamus ordering respondents, Ohio Department of Rehabilitation and Correction ("ODRC"), Annette Chambers-Smith as Director of ODRC, and the Ohio Adult Parole Authority, to credit him with 1,330 days of jail-time credit.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. Subsequent to this referral, both Williams and respondents moved for summary judgment. After submission for consideration of these motions and the corresponding supporting arguments, the magistrate issued the appended decision, including findings of fact and conclusions of law.

The magistrate determined this court should deny Williams' motion for summary judgment and grant respondents' motion for summary judgment based on her finding that respondents already have credited Williams with the appropriate number of days of jail-time credit. Therefore, the magistrate recommends this court deny Williams' request for a writ of mandamus because the matter is moot.

{¶ 3} Williams has filed objections to the magistrate's decision. He acknowledges the amount of jail-time credit he is entitled to has been properly calculated at 1,339 days (1,330 days of calculated credit at the time of resentencing plus 9 days for conveyance). He contends, however, that the magistrate erred in not finding that respondents have improperly implemented or applied that calculated number in determining the expiration of his maximum sentence, which respondents have identified as July 18, 2023. Williams asserts that date should be identified as November 26, 2019. According to Williams, the respondents' misidentification of the expiration of his maximum sentence is due to their wrongful application of confinement credit to the sentence for a firearm specification attached to the underlying offense. We find Williams' objections lack merit.

{¶ 4} A criminal defendant has a general right to credit for his confinement prior to sentencing. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7 ("The Equal Protection Clause requires that all time spent in any jail prior to trial and commitment by [a prisoner who is] unable to make bail because of indigency must be credited to his sentence."). (Emphasis omitted.) Pursuant to R.C. 2967.191, the "department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." However, under R.C. 2929.14(B)(1) (formerly R.C. 2929.14(D)(1)), a mandatory prison term imposed on a firearm specification cannot be reduced pursuant to any provision of R.C. Chapter 2967.

{¶ 5} Williams essentially reasons that because jail-time credit cannot be applied to reduce his prison sentence for a firearm specification, and because he served the firearm specification sentence prior to his sentence for the underlying felony offense, the expiration of his maximum sentence should be years earlier than determined by respondents. But this reasoning is flawed.

{¶ 6} Williams was originally convicted and sentenced in this matter on July 25, 1996. At that time, the trial court found he was entitled to 364 days of jail-time credit, with additional credit for time served prior to his transportation to prison. Williams appealed, and this court affirmed in part and reversed in part, remanding the matter for resentencing. *State v. Williams*, 10th Dist. No. 96APA08-1077, 1997 Ohio App. LEXIS 2091 (May 15, 1997). Williams was resentenced in March 1999. As to Williams' involuntary manslaughter conviction, the trial court sentenced him to an indefinite prison term of not less than 7 years, and not more than 25 years, with 3 years actual consecutive incarceration for the attendant firearm specification. The trial court also sentenced Williams to 18-month prison terms as to his two aggravated assault convictions. The sentences for the aggravated assault convictions were ordered to be served concurrent to each other and with the sentence for the involuntary manslaughter count. At resentencing, the trial court determined Williams is entitled to 1,330 days of confinement credit, with additional credit for all time served prior to transportation to prison. Thus, pursuant to Williams' resentencing in March 1999, he is currently serving an aggregate prison sentence of a minimum term of 10 years and a maximum term of 28 years and is entitled to 1,330 days of confinement credit, with additional time for his transportation back to prison (which has been determined to be 9 days). That credit is reflected in respondents' determination of the expiration of Williams' maximum sentence. And contrary to Williams' assertions, that credit has not been applied improperly to reduce the term of his mandatory sentence for the firearm specification, nor has the amount of credit to which he is entitled been reduced because he served his firearm specification sentence before the sentence for the underlying offense. Because Williams has received the confinement credit he seeks, we overrule his objections to the magistrate's decision.

{¶ 7} Following our independent review of the record pursuant to Civ.R. 53, we find the magistrate correctly determined that Williams is not entitled to the requested writ of mandamus. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law, as supplemented herein. We therefore overrule Williams' objections to the magistrate's decision, grant respondents' motion for summary judgment, deny Williams' motion for summary judgment, and deny Williams' request for a writ of mandamus.

*Objections overruled;*
*Williams' motion for summary judgment denied;*
*respondents' motion for summary judgment granted;*
*writ denied.*

DORRIAN and NELSON, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Dayon Williams, | : | |
| Relator, | : | |
| v. | : | No. 19AP-388 |
| Annette Chambers-Smith, Department of Rehabilitation and Correction et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 17, 2019

*Dayon Williams,* pro se.

*Dave Yost,* Attorney General, and *George Horvath,* for respondents.

IN MANDAMUS
ON MOTIONS FOR SUMMARY JUDGMENT

{¶ 8} Relator, Dayon Williams, has filed this original action requesting this court issue a writ of mandamus ordering respondent Ohio Department of Rehabilitation and Correction ("ODRC") to credit him with 1,330 days of jail time credit.

Findings of Fact:

{¶ 9} 1. Relator is an inmate currently incarcerated at Grafton Correctional Institution.

{¶ 10} 2. As relator explains in his complaint, following his appeal to this court, the matter was remanded to the trial court for resentencing. Relator asserts that, at that time, the trial court found that he was "to receive one thousand three hundred, thirty **(1,330) days** of jail time credit certified to the OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS toward his sentence. Defendant is to receive jail time credit for all time served prior to transportation to the institution." (Emphasis sic.)

{¶ 11} 3. Relator asserts that respondents have failed to provide him with the appropriate number of days of jail time credit.

{¶ 12} 4. On September 24, 2019, relator filed an expedited motion for summary judgment wherein he argued that respondents had ample time to fulfill their legal duty and fully credit him with the court ordered 1,330 days of jail time credit. Relator asserts the documents he attached to his petition for a writ of mandamus were sufficient to establish his claim.

{¶ 13} 5. On October 3, 2019, respondents filed a motion in opposition to relator's motion for summary judgment and a cross-motion for summary judgment.

{¶ 14} 6. Respondents submitted the affidavit of Deborah Warren, correctional records of sentence computation order with the Bureau of Sentence Computation ("BOSC"). Warren reviewed the BOSC's records pertaining to Williams and included copies of those records kept in the normal course of business by ODRC.  Included with those documents is the July 18, 2019 letter she prepared for the office of the attorney general. That letter provides:

> Pursuant to your request for sentence computation information on the above noted, I can provide the following.
>
> The above listed offender was sentenced on 7/23/199[6] on Franklin County case 95CR105677. He was ordered to serve on count 1: Involuntary manslaughter 2903.04 A1 3 years for the gun specification consecutive to 7 to 25 years. Counts 2 and 3 Attempted Involuntary manslaughter 2903.04A2 3 years for the gun specifications on each count consecutive to 5 to 15 years on each count. All counts and gun terms were ordered consecutive to each other. He was admitted on 7/29/1996.

He was taken out to be re-sentenced on 3/16/1999. At that time his sentence was changed to, count 1 Involuntary Manslaughter F1 7 to 25 years with an additional 3 years for the gun specification. Counts 2 and 3 Aggravated Assault 2903.12 F4 were given an 18-month term for each count. All 3 counts were now ordered concurrent to each other. His aggregate sentence was then 3 years for the gun consecutive to 7 to 25 years. He was given 1330 days credit in the journal entry which was as of the new sentencing date of 3/16/1999. He was returned to the institution on 3/26/1999. At that time his credit was figured and since none of his dates would have changed no changes were made to the display. The 1330 days included the 369 (364 in the original entry plus 5 convey time) as of his date of admission. He had served 960 days in prison (7/29/1996 to 3/25/1999) =960 plus 1 for the new date of sentence is 961 plus 369 = 1330.

I have now updated the display to show the new date of sentence and admission with the new credit (1330 plus 9 days conveyance time=1339) and re-calculated his time starting on his new return from court date 3/26/1999, however his max date did not change. I have re-certified his file.

I hope this information will be helpful. Please feel free to contact me with any questions.

{¶ 15} 7. Warren also attached documentation from ODRC which includes a printout which shows relator's jail time credit of 1,339 days. This includes 9 days of conveyance time to which relator was entitled.

{¶ 16} 8. Respondents argue that relator has already been credited with the number of days jail time credit which he seeks and asserts that the matter is moot. On those grounds, respondents argue that summary judgment in its favor is appropriate.

{¶ 17} 9. Relator has not filed a response to respondents' motion for summary judgment.

{¶ 18} 10. On September 27, 2019, notice of summary judgment hearing was provided notifying the parties that the matter would be submitted to the magistrate on October 15, 2019.

{¶ 19} 11. The matter is currently before the magistrate on motions for summary judgment and the documentation attached thereto.

Conclusions of Law:

{¶ 20} For the reasons that follow, it is this magistrate's decision that this court should deny relator's motion for summary judgment and grant respondents' motion for summary judgment. Respondents have credited relator with the appropriate number of days of jail time credit and the matter is moot.

{¶ 21} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 22} A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280 (1996). Accordingly, any party moving for summary judgment must satisfy a three-prong inquiry showing: (1) that there is no genuine issue as to any material facts; (2) that the parties are entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64 (1978).

{¶ 23} Relator correctly argues that, pursuant to R.C. 2967.191, it is the duty of the sentencing court to determine the total number of days the offender has been confined for any reason arising out of the offense for which the offender has been sentenced and ODRC must reduce the stated prison term by that number of days. Relator has asked this court to order ODRC to credit him with 1,330 days of jail time credit.

{¶ 24} With its motion for summary judgment, respondents have attached documentation indicating that relator has been credited with 1,339 days jail time credit. As such, based on the evidence submitted and authenticated, the magistrate finds that respondents have provided relator with the relief relator has sought to compel by filing this original action. At this time, relator cannot show that he has a clear legal right to have his records corrected to include jail time credits as those days have already been awarded.

*See Ridgeway v. State Med. Bd. of Ohio,* 10th Dist. No. 06AP-1197, 2007-Ohio-5657; *Lingo v. Ohio Cent. Railroad, Inc.,* 10th Dist. No. 05AP-206, 2006-Ohio-2268.

{¶ 25} Based on the foregoing, relator's motion for summary judgment should be denied; this court should grant respondents' motion for summary judgment, and relator's request for a writ of mandamus should be denied.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).