[Cite as *State ex rel. Moody v. Dir., Ohio Bur. of Sentence Computation*, 2024-Ohio-1891.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Rickey Moody, | : | |
| Relator, | : | |
| v. | : | No. 23AP-303 |
| Director, Ohio Bureau of Sentence Computation, | : | (REGULAR CALENDAR) |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on May 16, 2024

**On brief:** *Rickey Moody*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Marcy Vonderwell*, for respondent.

IN MANDAMUS
ON OBJECTIONS TO MAGISTRATE'S DECISION

BOGGS, J.

{¶ 1} Relator, Rickey Moody, has filed this original action seeking a writ of mandamus, ordering respondent, Director, Ohio Bureau of Sentence Computation, to award him an additional 165 days of jail-time credit, consistent with the sentences imposed by the Summit County Court of Common Pleas and the Lake County Court of Common Pleas.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, the court referred this matter to a magistrate. On October 24, 2023, the magistrate issued a decision, including findings of fact and conclusions of law, which is appended hereto.

{¶ 3} As the magistrate notes, respondent has filed a motion to dismiss this action, pursuant to Civ.R. 12(B)(6), which the magistrate converted into a motion for summary judgment, pursuant to Civ.R. 12(B) and Civ.R. 56. In support of its motion, respondent

submitted an affidavit from Debbie Warren, a correction records sentence computation auditor for the Ohio Department of Rehabilitation and Correction ("ODRC"), to which was attached a document prepared by Warren that detailed the calculation of relator's prison sentence and copies of relator's sentencing entries. Relator opposed respondent's motion but did not submit evidentiary materials in opposition to respondent's motion. Upon review of the parties' submissions, the magistrate recommends that this court grant respondent's motion for summary judgment and deny relator's request for a writ of mandamus.

{¶ 4} Relator has filed objections to the magistrate's decision. In particular, relator objects to the magistrate's reliance on *State ex rel. Rankin v. Mohr*, 130 Ohio St.3d 400, 2011-Ohio-5934, and Ohio Adm.Code 5120-2-04(E) to deny relator's request for a writ of mandamus. Pursuant to Civ.R. 53(D)(4)(d), we must now independently review the magistrate's decision to ascertain whether "the magistrate has properly determined the factual issues and appropriately applied the law." As explained below, we conclude that he has.

{¶ 5} Initially, we note that relator has not objected to the magistrate's findings of fact, and finding no error in those findings, we adopt them as our own. We likewise adopt, without restating here, the magistrate's unobjected to conclusions of law setting out the legal standards regarding summary judgment and relief in mandamus.

{¶ 6} Relator is an inmate incarcerated at the Grafton Correctional Institution. Respondent is a division of ODRC and is responsible for computing release dates for Ohio inmates.

{¶ 7} On December 3, 2019, the Summit County Court of Common Pleas sentenced relator in three cases. In Summit C.P. case No. CR-2019-05-1623, the court sentenced relator to three years in prison and granted 23 days of jail-time credit. In Summit C.P. case No. CR-2018-11-3874-B, the court sentenced relator to one year in prison and granted 130 days of jail-time credit. In Summit C.P. case No. CR-2018-09-3184, the court sentenced relator to three years in prison and granted 138 days of jail-time credit. The court ordered the three sentences to run concurrently.

{¶ 8} Relator was admitted to ODRC custody to begin serving his sentences from Summit County on December 31, 2019. According to Warren, ODRC granted relator an additional 23 days of credit in each of his Summit County sentences, presumably representing the time relator remained in jail between sentencing and his admission to

ODRC custody. (June 5, 2023 Mot. to Dismiss, Ex. A-1.) Warren stated that relator's controlling prison term was from Summit C.P. case No. CR-2019-05-1623 and that his release date was certified as November 9, 2022. *Id.*

{¶ 9} On March 28, 2020, the Lake County Court of Common Pleas sentenced relator to a five-year mandatory term of imprisonment, with 46 days of jail-time credit, and ordered that relator serve that prison term concurrently with his existing sentences from Summit County. In *State v. Moody*, Lake C.P. case No. 18CR-000866, ODRC thereafter certified relator's release date as January 30, 2025. After the Lake County court subsequently credited relator with 34 additional days of jail-time credit—23 days on September 1, 2020 and 11 days on August 18, 2022—ODRC recalculated and recertified relator's release date as December 27, 2024.

{¶ 10} Relator does not contend that the Summit County or Lake County courts miscalculated his jail-time credit; he argues that respondent failed to properly apply the correctly calculated and court ordered days of credit to his sentence. Specifically, he claims that respondent has failed to reduce his "total sentence by the 165 days [of jail-time credit] properly calculated by Summit County." (May 17, 2023 Compl. at 3.)

{¶ 11} The magistrate correctly explains that, although the practice of awarding jail-time credit has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions, the right to jail-time credit has now been codified in state statute. *See State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 17.

{¶ 12} R.C. 2929.19(B)(2)(g)(i) requires a court that is sentencing a felony offender to a definite prison term to "[d]etermine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term." Again, relator does not challenge either sentencing court's calculation of jail-time credit.

{¶ 13} R.C. 2967.191(A) states, "[t]he department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." Ohio Adm.Code 5120-2-04 provides additional guidance regarding ODRC's application of jail-time credit. Ohio Adm.Code 5120-2-04(A) requires ODRC to

reduce a prisoner's stated prison term "by the total number of days specified by the sentencing court in the sentencing entry," as well as by "the number of days the offender was confined as a result of the offense, between the date of the sentencing entry and the date committed to the department."[1]

{¶ 14} For purposes of applying jail-time credit to a prison term, concurrent and consecutive sentences are treated differently. In *Fugate*, the Supreme Court of Ohio explained that Ohio Adm.Code 5120-2-04(F) (now Ohio Adm.Code 5120-2-04(E)) states, " '[i]f an offender is serving two or more sentences, stated prison terms or combination thereof concurrently, the adult parole authority shall *independently* reduce *each sentence or stated prison term* for the number of days confined for that offense. Release of the offender shall be based upon the longest definite, minimum and/or maximum sentence or stated prison term after reduction for jail time credit.' " (Emphasis sic.) *Id.* at ¶ 9, quoting former Ohio Adm.Code 5120-2-04(F). On the other hand, when an offender is serving multiple sentences consecutively, the Administrative Code instructs that jail-time credit be applied only once to the total prison term. *Id.* at ¶ 10, citing former Ohio Adm.Code 5120-2-04(G) (now Ohio Adm.Code 5120-2-04(F)). The court explained:

> These two directives make clear that although concurrent and consecutive terms are to be treated differently when jail-time credit is applied, the overall objective is the same: to comply with the requirements of equal protection by reducing the total time that offenders spend in prison after sentencing by an amount equal to the time that they were previously held.

*Id.* at ¶ 11.

{¶ 15} Upon review of the relevant statutes and Administrative Code provisions, the Supreme Court held in *Fugate* that, "when concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit," because "[i]f courts were permitted to apply jail-time credit to only one of the concurrent terms, the practical result would be * * * to deny credit for time that an offender was confined while being held on pending charges." *Id.* at ¶ 12. Thus, "when a defendant is sentenced to concurrent prison terms for multiple charges, jail-time

---

[1] As the magistrate notes, Ohio Adm.Code 5120-2-04 was substantially modified effective May 27, 2021. The prior version of Ohio Adm.Code 5120-2-04(A), quoted in full in footnote 4 in the magistrate's decision, provided for reduction of an offender's "stated prison term * * * by the total number of days that the offender was confined for any reason arising out of the offense for which he was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * * and confinement while awaiting transportation to the place where he is to serve his sentence."

credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." *Id.* at ¶ 22.

{¶ 16} The Supreme Court revisited the issue of application of jail-time credit in *Rankin*, 2011-Ohio-5934. There, the Supreme Court affirmed the Fourth District Court of Appeals' judgment denying Rankin's request for a writ of mandamus to order the director of ODRC to recalculate his prison term by crediting each of his concurrent prison terms with 734 days of jail-time credit. According to the Fourth District, Rankin had been sentenced to prison in Adams, Scioto, Pike, and Highland Counties, all arising from his involvement in a burglary spree. Rankin received 82 days of jail-time credit when he was sentenced in Adams County in 2007, 8 days of jail-time credit when he was sentenced in Scioto County in 2007, 18 days of jail-time credit when he was sentenced in Pike County in 2008, and 52 days of jail-time credit when he was sentenced in Highland County in 2009. Rankin agreed that the controlling sentence for determining his release date was his 13-year sentence from Highland County.

{¶ 17} Rankin argued that he should receive additional credit for 644 days he had already served on his other sentences, plus the 90 days of jail-time credit to which the Adams and Scioto County courts had determined he was entitled. The Fourth District disagreed and held that Rankin was not entitled to credit on his Highland County sentence for time served in relation to the other cases, prior to his sentencing in Highland County.

{¶ 18} In affirming the Fourth District's judgment, the Supreme Court held that the director of ODRC "had no duty to reduce Rankin's Highland County 13-year sentence by the number of days that Rankin was confined for other crimes *before* he received the 13-year sentence." (Emphasis sic.) *Id.* at ¶ 2. The Supreme Court distinguished *Fugate*, because Fugate had been "held on each of the charges before his sentencing, and he was thus entitled to a reduction of each concurrent prison term." *Id.* It concluded, "[t]he fact that the Highland County court ordered that Rankin's 13-year sentence be served concurrently with his prior sentences does not affect our determination that Rankin is not entitled to a reduction of his 13-year sentence." *Id.*

{¶ 19} In his first objection, realtor challenges the magistrate's reliance on *Rankin* and cites this court's decision in *State v. Slager*, 10th Dist. No. 11AP-794, 2012-Ohio-3584, in support of his argument that *Fugate* remains "controlling [law,] regardless of whether concurrent sentences were imposed at different times by different Courts." (Relator's Objs. to Mag.'s Decision at 1.) Relator's reliance on *Slager*, however, is misplaced. The appellant

in *Slager* sought application of 273 days of jail-time credit to two sentences that he was serving *consecutively*, not concurrently, as in *Fugate* and this case. As stated above, the rule that governs application of jail-time credit to consecutive sentences differs from the rule that governs application of jail-time credit to concurrent sentences. Moreover, in *Slager*, this court expressed no opinion on the merits of the appellant's claim for additional jail-time credit, because the appellant had not sought relief in mandamus but had, instead, erroneously raised his claim regarding ODRC's application of his jail-time credit in a post-conviction motion in the underlying criminal case. *Id.* at ¶ 1, 18. *Slager*, therefore, offers no applicable guidance.

{¶ 20} Here, the magistrate reasoned that this case presents a situation analogous to that in *Rankin*, as relator has been sentenced to concurrent prison terms by courts in more than one county. The magistrate concluded that, pursuant to *Rankin*, respondent's application of jail-time credit to relator's stated prison term from Lake County, reducing the stated term only by the jail-time credit certified by the Lake County Court of Common Pleas in that case, was proper. The magistrate reasoned, "the fact that the Lake County court ordered relator's five-year sentence to be served concurrently" with the previously imposed sentences from Summit County "does not affect the determination that [relator] is not entitled to a reduction of his five-year sentence on that basis." (Mag.'s Decision at 19.) We agree and, like the magistrate, conclude that this determination aligns with the command in R.C. 2967.191(A) that a prisoner is entitled to a reduction of a prison term "by the total number of days that the prisoner was confined for any reason *arising out of the offense for which the prisoner was convicted and sentenced*." (Emphasis added.) Accordingly, we overrule relator's first objection.

{¶ 21} In his second objection, relator argues that the magistrate erred by relying on Ohio Adm.Code 5120-2-04(E), because that regulation "was created by the respondent" and "purports to permit the respondent to disregard the statutory and Constitutional protections that prohibit the State from forcing a prisoner to serve the same sentence or any portion thereof twice." (Relator's Objs. to Mag.'s Decision at 1.) We disagree. Indeed, in *Fugate*, the Supreme Court expressly cited as relevant to its decision former Ohio Adm.Code 5120-2-04(F), which stated: " '[i]f an offender is serving two or more sentences * * * concurrently, the adult parole authority shall *independently* reduce *each sentence* or *stated prison* term for the number of days confined for that offense.' " (Emphasis sic.) *Id.* at ¶ 9, quoting former Ohio Adm.Code 5120-2-04(F). We discern no error in the

magistrate's reliance on Ohio Adm.Code 5120-2-04(E), which contains nearly identical language to the former rule, on which the Supreme Court relied in *Fugate*. Accordingly, we overrule relator's second objection.

**{¶ 22}** Under both R.C. 2967.191 and Ohio Adm.Code 5120-2-04(E), an offender is entitled to jail-time credit for days spent in confinement for the offense for which the offender is being sentenced. Applying that rule, in *State v. Parsley*, 10th Dist. No. 09AP-612, 2010-Ohio-1689, ¶ 48, this court held that an offender was not entitled to jail-time credit against his sentence for possession of cocaine for days he spent in jail after being arrested on another case, because in the possession case the offender had been released on a recognizance bond and thus had never been incarcerated *on that charge*. The fact that the trial court ultimately ordered the offender's sentences in both cases to run concurrently did not alter that conclusion. *Id.* The rule stated in *Fugate*—that an offender sentenced to concurrent prison terms is entitled to have jail-time credit applied toward each concurrent prison term—only "applies to a defendant that is actually entitled to such credit pursuant to R.C. 2967.191" as a result of having been "held on each charge." *Parsley* at ¶ 50. Applying that rule here, we conclude that relator has not established a clear legal right to credit against his Lake County sentence for days spent in confinement awaiting resolution of his Summit County cases.

**{¶ 23}** For these reasons, we overrule relator's objections to the magistrate's decision, and we adopt the magistrate's decision, including the findings of fact and conclusions of law therein, as our own. In accordance with the magistrate's recommendation, we grant respondent's motion for summary judgment and deny relator's request for a writ of mandamus.

*Objections overruled*;
*motion for summary judgment granted*;
*writ of mandamus denied*.

LUPER SCHUSTER and JAMISON, JJ., concur.

———————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Rickey Moody, | : | |
| Relator, | : | |
| v. | : | No. 23AP-303 |
| Director, Ohio Bureau of Sentence Computation, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on October 24, 2023

*Rickey Moody*, pro se.

*Dave Yost*, Attorney General, and *Marcy Vonderwell*, for respondent.

IN MANDAMUS
ON MOTION FOR SUMMARY JUDGMENT

{¶ 24} Relator, Rickey Moody, filed this original action seeking a writ of mandamus ordering respondent, the Ohio Bureau of Sentence Computation,[2] to award him an additional 165 days of jail-time credit consistent with the sentences imposed by the Summit County Court of Common Pleas and the Lake County Court of Common Pleas.

**I. Findings of Fact**

{¶ 25} 1. Relator is an inmate incarcerated at the Grafton Correctional Institution in Lorain County, Ohio.

---

[2] Relator's complaint listed respondent as "Director, Ohio Bureau of Sentence Computation." (Compl. at 1.)

{¶ 26} 2. Respondent Ohio Bureau of Sentence Computation, a division of the Ohio Department of Rehabilitation and Correction ("ODRC"), is responsible for computing release dates for Ohio inmates.

{¶ 27} 3. Relator was sentenced on December 3, 2019 in three criminal cases in the Summit County Court of Common Pleas and subsequently sentenced in March 2020 in a criminal case in the Lake County Court of Common Pleas.[3]

{¶ 28} 4. In *State v. Moody*, Summit C.P. No. 2019-05-1623 ("Case No. 2019-05-1623"), relator was sentenced to a three-year period of incarceration and awarded 23 days of jail-time credit. In *State v. Moody*, Summit C.P. No. 2018-11-3874 ("Case No. 2018-11-3874"), relator was sentenced to a one-year period of incarceration and awarded 130 days of jail-time credit. In *State v. Moody*, Summit C.P. No. 2018-09-3184 ("Case No. 2018-09-3184"), relator was sentenced to a three-year period of incarceration and awarded 138 days of jail-time credit. The sentences in each of the Summit County cases were ordered to run concurrently with one another.

{¶ 29} 5. In *State v. Moody*, Lake C.P. No. 18CR-000866 ("Case No. 18CR-000866"), relator was sentenced to a five-year mandatory term of imprisonment to be served concurrently with the three Summit County cases. The court awarded relator 46 days of jail-time credit. The Lake County trial court later credited relator with an additional 23 days of jail-time credit in one entry and an additional 11 days of jail-time credit in a subsequent entry.

{¶ 30} 6. In his complaint in this mandamus action, relator asserted he had no adequate remedy at law because the sentencing courts properly calculated his jail-time credit, but respondent failed to properly apply the correctly-calculated and court-ordered jail-time credit to his sentence. Relator requests "the issuance of a Writ of Mandamus to compel the respondent * * * to correctly apply the additional 165 days of jail-time credit properly calculated and ordered by the Summit County Common Pleas Court and to reduce his sentence accordingly." (Compl. at 4.)

---

[3] In writ actions, a court may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute insofar as they affect the current original action. Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. As the judgment entries imposing sentence and awarding jail-time credit in these cases are available online on the respective clerk of court's website for each court, the magistrate concludes they are related to the present original action and not subject to reasonable dispute. Therefore, the magistrate takes judicial notice of such entries.

{¶ 31} 7. On June 5, 2023, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6). Attached to respondent's motion was the affidavit of Debbie Warren, correction records sentence computation auditor for ODRC. Warren averred that she prepared a document attached to the affidavit that detailed the calculation of relator's sentence. Also attached to the motion were copies of the sentencing entries from relator's above-listed cases. Respondent requested that relator's complaint be dismissed for failure to state a claim upon which relief can be granted, or, in the alternative, that the motion to dismiss be converted to a motion for summary judgment and that such motion be granted.

{¶ 32} 8. On June 12, 2023, a magistrate's order was issued converting respondent's June 5, 2023 motion to dismiss into a motion for summary judgment pursuant to Civ.R. 12(B) and Civ.R. 56. Under the order, relator was permitted to file a response to the motion, "including any pertinent materials permitted under Civ.R. 56," not later than July 10, 2023.

{¶ 33} 9. Relator filed a "memorandum contra motion to dismiss" on June 27, 2023. Relator did not submit any additional materials attached to this filing.

## II. Discussion and Conclusions of Law

Relator seeks a writ of mandamus ordering respondent to grant him an additional 165 days of jail-time credit. Respondent argues it is entitled to summary judgment because relator has received the appropriate amount of jail-time credit as ordered by the trial courts, and, therefore, cannot demonstrate a clear legal right to the requested relief.

### A. Summary Judgment and Mandamus Standard

{¶ 34} Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 35} In order for a court to issue a writ of mandamus, a relator must establish (1) the relator has a clear legal right to the requested relief, (2) the respondent is under a clear legal duty to provide the relief, and (3) the relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983), citing *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 42 (1978). The relator bears

the burden of establishing entitlement to a writ of mandamus by clear and convincing evidence. *State ex rel. Ware v. Crawford*, 167 Ohio St.3d 453, 2022-Ohio-295, ¶ 14. "Clear and convincing evidence is 'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009-Ohio-5327, ¶ 18, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**B. Jail-Time Credit under Ohio Law**

{¶ 36} "The practice of awarding jail-time credit, although now covered by state statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions." *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7. *See State ex rel. Williams v. Chambers-Smith*, 10th Dist. No. 19AP-388, 2020-Ohio-1344, ¶ 4 ("A criminal defendant has a general right to credit for [the time spent in] confinement prior to sentencing"). Pursuant to R.C. 2967.191, the "department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." Additionally, Ohio Adm.Code 5120-2-04 governs ODRC's duty in calculating an offender's sentence.[4] Ohio Adm.Code 5120-2-04(A) describes the general practice for reducing an offender's sentence for jail-time credit as follows:

> The department of rehabilitation and correction shall reduce the minimum and maximum sentence, where applicable, the definite sentence, the minimum and maximum of a non-life felony indefinite prison term, or the stated prison term of an offender by the total number of days specified by the sentencing court in the sentencing entry as required by division (B)(g)(i) of section 2929.19 of the Revised Code; by the number of days the offender was confined as a result of the offense, between the date of the sentencing entry and the date committed to the department, and by the number of days, if any, that the offender previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the offender was convicted and sentenced as determined by section 2967.191 of the Revised Code.

---

[4] Ohio Adm.Code 5120-2-04 was substantially updated effective May 27, 2021.

{¶ 37} Ohio Adm.Code 5120-2-04(A).[5] With regard to concurrent sentences, the current Administrative Code provisions provide that "[i]f an offender is serving two or more sentences, stated prison terms or combination thereof concurrently, the department shall independently reduce each sentence or stated prison term for the number of days confined for that offense. Release of the offender shall be based upon the longest definite, minimum and/or maximum sentence or stated prison term after reduction for jail time credit." Ohio Adm.Code 5120-2-04(E).[6]

{¶ 38} R.C. 2929.19 governs requirements for sentencing courts. The statute was amended effective September 28, 2012 by 2012 Am.Sub.S.B. No. 337, adding provisions related to jail-time credit. Under the present provisions of R.C. 2929.19(B)(2)(g)(i), the trial court is required to "[d]etermine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term." R.C. 2929.19(B)(2)(g)(iii) provides in pertinent part as follows:

> The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(g)(i) of this section. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion. If the court changes the number of days in its determination or redetermination, the court shall cause the entry granting that change to be delivered to the department of rehabilitation and correction without delay.

---

[5] Prior to the amendments that became effective in 2021, Ohio Adm.Code 5120-2-04 provided as follows:

> The department of rehabilitation and correction shall reduce the minimum and maximum sentence, where applicable, the definite sentence or the stated prison term of an offender by the total number of days that the offender was confined for any reason arising out of the offense for which he was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine his competence to stand trial or sanity, confinement in a community-based correctional facility and program or district community-based correctional facility and program, where applicable, and confinement while awaiting transportation to the place where he is to serve his sentence.

Ohio Adm.Code 5120-2-04.

[6] This section was unaltered by the amendments effective May 27, 2021 with the exception of renumbering the section from (F) to (E).

{¶ 39} Thus, pursuant to R.C. 2929.19(B)(2)(g)(iii), an offender can file a motion to correct an error in determining jail-time credit at any time after sentencing. *See State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, ¶ 11 ("Prior to the enactment of R.C. 2929.19(B)(2)(g)(iii), an offender was able to seek correction of an error made in determining jail-time credit only on direct appeal."); *Ohio v. Simpson*, 10th Dist. No. 21AP-52, 2021-Ohio-4066, ¶ 15. R.C. 2929.19(B)(2)(g)(iv) provides that an "inaccurate determination" of an offender's jail-time credit "is not grounds for setting aside the offender's conviction or sentence and does not otherwise render the sentence void or voidable." R.C. 2929.19(B)(2)(g)(v) provides that ODRC shall "rely upon the latest journal entry of the court in determining the total days of local confinement" as specified by that section.

## C. Application

{¶ 40} First, it is important to recognize that error in the calculation of jail-time credit is "remediable in the ordinary course of law by appeal or motion for jail-time credit" under R.C. 2929.19(B)(2)(g)(iii). *State ex rel. Williams v. McGinty*, 129 Ohio St.3d 275, 2011-Ohio-2641, ¶ 2. For this reason, the Supreme Court of Ohio has held that "[a]lleged errors regarding an award of jail-time credit are not cognizable in mandamus." *State ex rel. Sands v. Culotta*, 165 Ohio St.3d 172, 2021-Ohio-1137, ¶ 12. Relator filed with the Lake County Court of Common Pleas multiple motions seeking adjustments to his jail-time credit. Two of those motions were granted resulting in 34 days of jail-time credit in addition to the 46 originally provided under the court's sentencing entry in Case No. 18CR-000866. Thus, relator availed himself of an adequate remedy to correct errors in jail-time credit calculation.

{¶ 41} Relator states in his complaint that his jail-time credit "was properly calculated by the trial courts." (Compl. at 3.) Nevertheless, citing to *Fugate*, relator asserts that respondent has failed to properly apply the court-ordered jail-time credit to his sentence. Specifically, relator asserts that respondent has failed to reduce his "total sentence by the 165 days properly calculated by Summit County." (Compl. at 3.) Here, in the sentence calculation letter attached to Warren's affidavit, Warren stated the following with regard to relator's sentence in Case No. 18CR-000866:

> The above listed incarcerated person was sentenced on 12/3/2019 for three Summit County cases. Case

CR2019051623 was sentenced to 3 years and given 50 days of credit. Case CR2018113874 was sentenced to 1 year and given 157 days of credit. Case CR2018093184 was also sentenced to 3 years and given 165 days of credit. He was admitted on 12/31/2019, at that time his controlling term was case CR2019051623, and his release date was certified as 11/9/2022.

On 1/10/2020 [relator] went out to court for Lake County, ON 3/18/2020 he was sentenced on Lake County case 18CR000866. He was sentenced to a 5-year mandatory term for Possession 2925.11. He was given 46 days of credit in the entry and returned the next day 3/19/2020 so there was no conveyance time to apply. His release date was certified as 1/30/2025. On 9/1/2020 we received an entry granting him an additional 23 days of jail credit. This made his total credit 69 days, and his release date was then re-certified as 1/7/2025.

On 8/18/2022 we received another jail credit entry for Lake County 18CR000866 granting him another 11 days for a total of 80 days credit. His release date was again certified as 12/27/2024.

(Ex. A-1, Warren Aff.)

{¶ 42} In *Fugate*, 2008-Ohio-856, the Supreme Court of Ohio considered the calculation of jail-time credit for concurrent sentences under R.C. 2967.191. In the underlying criminal case, Fugate was held in custody prior to sentencing on charges for burglary, theft, and a community-control violation. As a result of his criminal convictions on those charges, Fugate was sentenced to concurrent prison terms. However, Fugate received jail-time credit applied only against the prison term for the community-control violation. Reviewing Fugate's contention on appeal that he was entitled to additional jail-time credit, the Supreme Court of Ohio found that "when concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit" because "R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held." *Fugate* at ¶ 12. The court further stated that "[s]o long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit." *Id*. The court found that applying credit to only one term where a defendant is sentenced to concurrent terms would violate the Equal Protection Clause

because such application "would, in effect, negate the credit for time that the offender has been held." *Id*. at ¶ 22. As a result, the court held that "when a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." *Id*.

{¶ 43} Subsequently, the Supreme Court of Ohio clarified *Fugate* in *State ex rel. Rankin v. Mohr*, 130 Ohio St.3d 400, 2011-Ohio-5934. In that case, Rankin filed a complaint in mandamus in the Fourth District Court of Appeals seeking to compel the director of ODRC to recalculate the expiration of his stated prison term by crediting each of his concurrent prison terms with 734 days of jail-time credit.[7] The court of appeals found that Rankin was involved in a burglary spree in Adams, Scioto, Pike, and Highland Counties in 2006. Rankin received 82 days of jail-time credit when he was sentenced in Adams County in 2007, 8 days of jail-time credit when he was sentenced in Scioto County in 2007, 18 days of jail-time credit when he was sentenced in Pike County in 2008, and 52 days of jail-time credit when he was sentenced to a 13-year term of incarceration in Highland County in 2009. Rankin agreed that the controlling sentence for determining his release date was the Highland County sentence, but asserted that he should receive 734 additional days of jail-time credit for 644 days of confinement in prison from the time he had already served on the other sentences in addition to the jail-time credit he received in those other cases. The court of appeals denied the writ of mandamus.

{¶ 44} On appeal, the Supreme Court of Ohio affirmed, finding that ODRC "had no duty to reduce Rankin's Highland County 13-year sentence by the number of days that Rankin was confined for other crimes *before* he received the 13-year sentence." (Emphasis sic.) *Rankin* at ¶ 2. The court stated that "[t]he fact that the Highland County court ordered that Rankin's 13-year sentence be served concurrently with his prior sentences does not affect our determination that Rankin is not entitled to a reduction of his 13-year sentence." *Id*. The court distinguished *Fugate*, stating that it did "not require a different result, because in that case, the defendant was held on each of the charges before his sentencing, and he was thus entitled to a reduction of each concurrent prison term." *Id*.

{¶ 45} The parallels between this matter and *Rankin* are readily apparent. Similar to the offender in *Rankin*, relator was sentenced to concurrent prison terms in more than one county. The sentence calculation letter submitted by respondent reflects that the

---

[7] *See Rankin v. Moore*, 4th Dist. No. 10CA9 (May 10, 2011).

expiration of relator's prison term imposed by Case No. 18CR-000866 from Lake County has been altered only by the jail-time credit applied in that case. Under *Rankin*, ODRC's application of jail-time credit to relator's stated prison term is proper. Although relator asserts that he is entitled to the jail-time credit from the earlier sentences in Summit County, the fact that the Lake County court ordered relator's five-year sentence to be served concurrently with those prior sentences does not affect the determination that he is not entitled to a reduction of his five-year sentence on that basis. *Rankin* at ¶ 2. *See also State v. Hunter*, 10th Dist. No. 08AP-183, 2008-Ohio-6962, ¶ 19-20; *State v. Jones*, 8th Dist. No. 110412, 2021-Ohio-4175, ¶ 19. This determination is in alignment with the command in R.C. 2967.191 that ODRC "shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason *arising out of the offense for which the prisoner was convicted and sentenced*." (Emphasis added.) The same is true for the requirement in Ohio Adm.Code 5120-2-04(E) that ODRC is to "independently reduce each sentence or stated prison term for the number of days confined *for that offense*" where "an offender is serving two or more sentences, stated prison terms or combination thereof concurrently." (Emphasis added.) For the same reasons as stated in *Rankin*, the holding of *Fugate* does not compel a different result. Therefore, consistent with *Rankin*, relator is unable to establish a clear legal right to the requested relief or that respondent is under a clear legal duty to provide such relief.

**D. Conclusion**

{¶ 46} Accordingly, it is the decision and recommendation of the magistrate that summary judgment should be granted in favor of respondent and relator's request for a writ of mandamus should be denied.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.