[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Moody v. Dir., Ohio Bur. of Sentence Computation*, Slip Opinion No. 2024-Ohio-5231.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-5231

THE STATE EX REL. MOODY, APPELLANT, *v.* DIRECTOR, OHIO BUREAU OF SENTENCE COMPUTATION, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Moody v. Dir., Ohio Bur. of Sentence Computation*, Slip Opinion No. 2024-Ohio-5231.]

*Criminal law—Sentencing—Jail-time credit—R.C. 2967.191(A)—Inmate's jail-time credit for pretrial confinement related to offenses for which he was convicted and sentenced in one county does not apply to reduce inmate's sentence imposed in a different county for his conviction for a different offense—Court of appeals' judgment affirmed.*

(No. 2024-0795—Submitted October 1, 2024—Decided November 6, 2024.)

APPEAL from the Court of Appeals for Franklin County,

No. 23AP-303, 2024-Ohio-1891.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ.

**Per Curiam.**

{¶ 1} Appellant, Rickey Moody, pleaded guilty to criminal charges in four different cases in two counties. He was sentenced to prison in each case and has been incarcerated since December 2019. In May 2023, he petitioned the Tenth District Court of Appeals for a writ of mandamus compelling appellee, the director of the Ohio Bureau of Sentence Computation ("the bureau"), to apply 165 days of jail-time credit to his sentence. He argued that the bureau had misapplied his jail-time credit and therefore incorrectly calculated his expected release date as December 2024 instead of July 2024. The bureau countered that it had applied Moody's jail-time credit correctly. The Tenth District agreed with the bureau, granted the bureau's motion for summary judgment, and denied Moody's petition for a writ of mandamus. Moody appealed that judgment. We affirm the Tenth District's decision.

FACTS AND PROCEDURAL POSTURE

{¶ 2} In 2019, Moody pleaded guilty to criminal charges in three cases in the Summit County Court of Common Pleas. *See State v. Moody*, Summit C.P. No. CR-2019-05-1623 (Dec. 20, 2019); *State v. Moody*, Summit C.P. No. CR-2018-11-3874-B (Dec. 11, 2019); *State v. Moody*, Summit C.P. No. CR-2018-09-3184 (Dec. 11, 2019). The court imposed a prison sentence in each case, to be served concurrently. The controlling prison term was three years, less 50 days of jail-time credit. The other two sentences were each shorter, and both were subsumed into the controlling prison term. Moody began serving this prison term on December 31, 2019, with an expected release date of November 9, 2022.

{¶ 3} Three weeks later, Moody was transported to the Lake County Jail to attend a criminal proceeding against him in the Lake County Court of Common Pleas. In that case, he pleaded guilty to one charge and was sentenced to a five-year prison term, less 46 days of jail-time credit. *See State v. Moody*, Lake C.P.

No. 18-CR-000866 (Mar. 23, 2020). The court ordered him to serve this new sentence concurrently with the sentences imposed by the Summit County trial court. *Id.* Moody challenged the Lake County trial court's jail-time-credit calculation twice, and he received a total of 34 more days of jail-time credit. *See Moody*, Lake C.P. No. 18-CR-000866 (Aug. 19, 2020); *Moody*, Lake C.P. No. 18-CR-000866 (Aug. 17, 2022). Because the five-year sentence became the controlling prison term, the bureau recalculated Moody's expected release date as December 27, 2024.

**{¶ 4}** In 2023, Moody petitioned the Tenth District for a writ of mandamus against the bureau. Moody agreed with each calculation of jail-time credit. He disputed, however, the way the bureau had applied the credit. He reasoned that the bureau should have reduced his five-year sentence by 165 more days, making his expected release date July 15, 2024. Though not entirely clear from his petition, Moody seems to have found the additional 165 days of jail-time credit in one of the noncontrolling sentences imposed by the Summit County trial court.

**{¶ 5}** The bureau moved to dismiss Moody's mandamus petition. Because the bureau appended affidavits to the motion, a magistrate converted it to a motion for summary judgment and, after reviewing Moody's response, recommended the court grant the motion. 2024-Ohio-1891, ¶ 31-33, 46 (10th Dist.). The Tenth District overruled Moody's objections to the magistrate's decision and adopted the magistrate's decision as its own, granting summary judgment in favor of the bureau and denying the writ. *Id.* at ¶ 23.

**{¶ 6}** Moody appealed to this court as of right. He maintains his argument that he was correctly credited for 165 days of jail-time credit for his pretrial confinement in one of his Summit County cases and that this credit should be applied to the five-year sentence he received in the Lake County case. He ascribes to the Tenth District the same errors he raised against the magistrate's decision, mainly that each award of jail-time credit should apply to all his concurrent

sentences. In response, the bureau contends that Moody does not have a right to receive the jail-time credit he seeks, because his pretrial confinement in Summit County was not related to the Lake County case. The bureau's position is correct.

### ANALYSIS

{¶ 7} To prevail on a motion for summary judgment, the bureau must show that it is entitled to judgment as a matter of law; it must demonstrate that there is no genuine issue of material fact and that when the court views the evidence in Moody's favor, the only reasonable conclusion falls against him. *Grafton v. Ohio Edison Co.*, 1996-Ohio-336, ¶ 10; Civ.R. 56. We review questions of law de novo. *Grafton* at ¶ 10. For the court to issue a writ of mandamus, Moody would have to prove by clear and convincing evidence that (1) he has a clear legal right to the requested relief, (2) the bureau has a clear legal duty to provide that relief to him, and (3) he lacks an adequate remedy in the ordinary course of the law. *State ex rel. Sands v. Culotta*, 2021-Ohio-1137, ¶ 11.

{¶ 8} Moody has failed to establish by clear and convincing evidence that he has a clear legal right to the relief he seeks. The right to relief that he claims he is entitled to is clear enough: He seeks to receive the benefit of the jail-time credit the Summit County court awarded him. *See State v. Fugate*, 2008-Ohio-856, ¶ 7 ("defendants who are unable to afford bail must be credited for the time they are confined while awaiting trial"). This right is cognizable under statute. R.C. 2967.191 requires the bureau to reduce a prisoner's sentence by the total number of days the prisoner spent in pretrial confinement, as determined by the sentencing court. Moody claims that his current expected release date of December 27, 2024, does not reflect his just deserts.

{¶ 9} But he errs in his assessing how the bureau should have applied the jail-time credit. He asserts that the credit is all additive, that is, he thinks that each calculation of jail-time credit applies "to each concurrent sentence." This is not so. Prison time must be reduced "by the total number of days that the prisoner was

confined for any reason *arising out of the offense for which the prisoner was convicted and sentenced*." (Emphasis added.) R.C. 2967.191(A). In other words, jail-time credit is offense specific: It applies only to the sentence corresponding to the offense for which the prisoner was confined before receiving that sentence. Accordingly, the jail-time credit a prisoner earns from his confinement for a criminal offense for which he was sentenced in one case does not apply against the prisoner's sentence imposed for a different criminal offense in a different case. *See State ex rel. Rankin v. Mohr*, 2011-Ohio-5934, ¶ 2.

{¶ 10} The bureau followed the law in applying Moody's jail-time credit. Before he came before the Lake County trial court, Moody had been sentenced to serve a three-year prison term, less 50 days. While serving that sentence, the Lake County trial court sentenced him to a five-year prison term for an offense in another case. The bureau could use only the credit related to this new offense to reduce the new sentence. It could not apply any time that Moody served in Summit County while awaiting sentencing in the three Summit County cases to reduce the sentence imposed by the Lake County trial court.

{¶ 11} Moody fails to understand that his pretrial confinement for the offenses in the three Summit County cases was unrelated to his Lake County offense and sentence. Based on the record, only the days Moody spent in the Lake County Jail were related to the Lake County offense. So only those days could be credited against the sentence imposed by the Lake County trial court. Accordingly, the bureau correctly applied all jail-time credit when it determined Moody's expected release date.

{¶ 12} Moody has served the sentences imposed by the Summit County trial court—three years from December 2019, less 50 days of jail-time credit. But he must remain incarcerated until his current expected release date of December 27, 2024, to complete the sentence imposed by the Lake County trial court.

## CONCLUSION

{¶ 13} Because the bureau has shown that Moody has no clear legal right to the relief he seeks in mandamus, we affirm the Tenth District Court of Appeals' grant of summary judgment in favor of the bureau and its denial of Moody's writ petition.

Judgment affirmed.

_____

Rickey Moody, pro se.

Dave Yost, Attorney General, and Marcy Vonderwell and George Horváth, Assistant Attorneys General, for appellee.

_____