**[Cite as *State v. Gipple*, 2026-Ohio-1517.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### DEFIANCE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

RALPH J. GIPPLE,

    DEFENDANT-APPELLANT.

CASE NO. 4-25-11

OPINION AND
JUDGMENT ENTRY

---

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

RALPH J. GIPPLE,

    DEFENDANT-APPELLANT.

CASE NO. 4-25-12

OPINION AND
JUDGMENT ENTRY

---

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

RALPH J. GIPPLE,

    DEFENDANT-APPELLANT.

CASE NO. 4-25-13

OPINION AND
JUDGMENT ENTRY

**Appeals from Defiance County Common Pleas Court
Trial Court Nos. 17-CR-12832, 21-CR-14504 and 22-CR-14870**

**Judgments Affirmed**

**Date of Decision: April 27, 2026**

**APPEARANCES:**

   *Ralph Gipple*, **Appellant**

   *Russell R. Herman* **for Appellee**

**MILLER, J.**

{¶1} These appeals, having been placed on the accelerated calendar, are sua sponte being assigned and considered on the regular calendar pursuant to Loc.R. 11.1. Under the authority of Loc.R. 11.1(E), we have elected to issue full opinions in lieu of judgment entries.

{¶2} Defendant-appellant, Ralph J. Gipple ("Gipple"), appeals the July 21, 2025 judgments of the Defiance County Common Pleas Court denying his motions to issue revised sentencing judgment entries to correct the amount of jail-time credit to which he was entitled.

{¶3} On March 6, 2023, Gipple appeared for hearings in three pending cases. In case number 21 CR 14504, Gipple pled guilty to one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), (C)(1)(c), a third-degree felony, was sentenced to a term of 30 months of imprisonment and given credit for 67 days of incarceration previously served in connection with the case. In case number 22 CR 14870, Gipple pled guilty to one count of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(c), a second-degree felony, was sentenced to an indefinite term of four to six years of imprisonment and given credit for 75 days of incarceration previously served in connection with the case. In case number 17 CR 12832, Gipple tendered an admission to the violations of his community control supervision alleged by the State. Consequently, the trial court found that Gipple had violated the terms of his supervision, imposed 17 months of imprisonment previously reserved and gave him credit for 230 days of incarceration served at various times in relation to the case. The trial court ordered the three sentences to be served concurrently.

{¶4} Gipple claims the Bureau of Sentence Computation determined his release date based on the controlling sentence out of case number 22 CR 14870, which had the longest prison term. Gipple was to serve four to six years of imprisonment reduced by 84 days of jail-time credit. Jail-time credit was calculated by adding 9 days of credit for the time he spent awaiting transfer from the local facility and 75 days of credit for incarceration served prior to sentencing.

{¶5} On May 27, 2025, Gipple filed motions requesting the trial court issue revised sentencing judgment entries applying the total of all jail-time credit from his three cases plus transfer time, an amount of time he calculates to be 389 days, to each concurrent prison term.[1] The trial court denied the motions. On August 22, 2025, Gipple filed notices of appeal. The cases were consolidated for appellate review. He raises one assignment of error for our consideration.

### Assignment of Error

**The trial [court] abused its discretion when it denied the Defendant's motion to issue a new revised sentencing Judgment Entry for jail time credit pursuant to *State v. Fugate* thereby depriving the Defendant's rights to Due Process Equal Protection of the of [sic] Equal Protection of the Fourteenth Amendment to United States Constitution the United States Constitution [sic] and Article 1, Section 10, of the Ohio Constitution.**

{¶6} In his assignment of error, Gipple contends that the trial court abused its discretion when it denied his motions to issue revised sentencing judgment entries to correct his jail-time credit.

{¶7} "Under R.C. 2929.19(B)(2)(g)(iii), the sentencing court retains jurisdiction to correct any error in a determination of jail-time credit. And '[t]he offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination [of jail-time credit], and the court may in its discretion grant or

---

[1] Though Gipple alleges he is entitled to 389 days of jail-time credit, it is unclear how he arrived at that particular number.

deny that motion.'" (Bracketed text in original.) *State ex rel. Duncan v. Chambers-Smith*, 2025-Ohio-978, ¶ 12, quoting R.C. 2929.19(B)(2)(g)(iii). Thus, this Court reviews the denial of a post-sentence motion to correct jail-time credit under the abuse of discretion standard. An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When the abuse of discretion standard applies, an appellate court is not to substitute its judgment for that of the trial court. *State v. Thompson*, 2017-Ohio-792, ¶ 11 (3d Dist.).

{¶8} R.C. 2967.191 sets forth the requirement that the department of rehabilitation and correction, "reduce the prison term of a prisoner…by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced[.]" R.C. 2967.191(A). The language of R.C. 2967.191(A) suggests that jail-time credit is "offense specific." *State ex rel. Moody v. Dir., Ohio Bur. of Sentence Computation*, 2024-Ohio-5231, ¶ 9. "It applies only to the sentence corresponding to the offense for which the prisoner was confined before receiving that sentence. Accordingly, the jail-time credit a prisoner earns from his confinement for a criminal offense for which he was sentenced in one case does not apply against the prisoner's sentence imposed for a different criminal offense in a different case." *Id.*

{¶9} Ohio Administrative Code 5120-2-04 provides additional details regarding when a prisoner is entitled to jail-time credit and how to calculate a prison term. The directives in Ohio Administrative Code 5120-2-04 clearly delineate how jail-time credit is

to be calculated for consecutive sentences as opposed to concurrent sentences. *State v. Fugate,* 2008-Ohio-856*, ¶* 9-11.

{¶10} Where jail-time credit is applied to concurrent sentences, the Ohio Administrative Code states, "If an offender is serving two or more sentences, stated prison terms or combination thereof concurrently, the department [of rehabilitation and correction] is to independently reduce each sentence or stated prison term for the number of days confined *for that offense*. Release of the offender is based upon the longest definite, minimum and/or maximum sentence or stated prison term after reduction for jail time credit." (Emphasis added.) Adm.Code 5120-2-04(E).

{¶11} By contrast, when sentences are imposed consecutively, the Ohio Administrative Code states, "The department of rehabilitation and correction is to reduce the aggregate definite sentence, aggregate stated prison term or aggregate minimum and aggregate maximum sentences or combination thereof…by the total number of days the offender was confined for all of the offenses for which the consecutive sentences, stated prison term or combination thereof were imposed." Adm.Code 5120-2-04(F).

{¶12} Despite the difference in application of jail-time credit between concurrent and consecutive sentences, the objective in both instances is to "comply with the requirements of equal protection by reducing the total time that offenders spend in prison after sentencing by an amount equal to the time that they were previously held." *Fugate,* 2008-Ohio-856, at ¶ 11.

{¶13} Gipple contends that his four to six year prison term should be reduced by the total number of days he spent in confinement for each of his three cases pursuant to the Supreme Court of Ohio's decision in *State v. Fugate*. However, because *Fugate* is factually distinguishable, Gipple's reliance on it is misplaced.

{¶14} In *Fugate,* the Supreme Court of Ohio addressed the requirement set forth in R.C. 2967.191. Fugate was indicted for burglary and theft while he was on community control. Subsequently, the probation department filed a motion to revoke his community control. *Fugate* at ¶ 3. Fugate was found guilty of burglary and theft and admitted that these convictions violated the terms of his community control. He was subsequently sentenced to concurrent prison terms for the burglary and theft convictions and the violation of his community-control. *Id.* at ¶ 13. Though Fugate had been held in custody pending the resolution of the community control violation as well as the burglary and theft offenses, the trial court only applied his 213 days of jail-time credit to the community control violation, which carried a shorter sentence. *Id.* at ¶ 17-18. Since release of an offender is based on the longest prison term, Fugate did not receive the benefit of his jail-time credit. The Supreme Court of Ohio held, "when a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." *Id.* at ¶ 22.

{¶15} While a plain reading of the holding in *Fugate* may seem to support Gipple's argument, a close reading of the facts reveals that his reliance on *Fugate* is unfounded.

Unlike the instant case, Fugate was simultaneously held in custody for 213 days on both his community control violation case and his new charges. *Id.* at ¶ 13-18.

**{¶16}** The Tenth District Court of Appeals explains, "The principle established in *Fugate* applies when the period of pre-trial confinement is attributable to more than one offense." *State v. Cherry*, 2025-Ohio-1152, ¶ 20 (10th Dist.). In *Fugate*, the trial court chose to reduce one of the three concurrent prison terms by the jail-time credit Fugate incurred while in custody for all three offenses. This effectively negated the credit for time Fugate had been held. That is not the case here.

**{¶17}** Unlike Fugate, Gipple was held in custody on several occasions pending the resolution of his three cases. Gipple was confined for all three offenses during some, but not all, of the days he spent in custody pending the resolution of his cases. In fact, much of his jail time credit in his first case accrued before he was ever indicted in the second and third cases. Where Gipple was held in custody for more than one offense, the record indicates that the trial court appropriately applied jail-time credit toward each applicable prison term. Gipple was not held in custody on all three offenses for the 389 days of jail-time credit he claims should be applied toward each of his sentences.

**{¶18}** Our review of the record does not find that the trial court acted in such a way that was unreasonable, arbitrary, or unconscionable when it denied Gipple's motions to issue revised sentencing judgment entries to correct his jail-time credit.

**{¶19}** Gipple's assignment of error is overruled.

{¶20} Accordingly, for the aforementioned reasons, it is the order of this Court that the judgment entries of the Defiance County Court of Common Pleas be, and hereby are, affirmed.

**_Judgments Affirmed_**

**ZIMMERMAN, P.J. and WALDICK, J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgments of the trial court are affirmed with costs assessed to Appellant for which judgment is hereby rendered. The causes are hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
Mark C. Miller, Judge


_____
William R. Zimmerman, Judge


_____
Juergen A. Waldick, Judge


DATED:
/jlm